ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 19 2005

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

2004v00076
EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

R. MICHAEL BURKE   1902
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: Mike.Burke@usdoj.gov

Attorneys for Federal Defendant
NATIONAL PARK SERVICE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN GAST, Individually and as Special Administrator of the Estate of JACQUELINE GAST and as Guardian Ad Litem for his minor child, AMANDA RENEE GAST, and BROOKE ASHLEY GAST,<br><br>         Plaintiffs,<br><br>    vs.<br><br>SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY, and AKAL SECURITY, INC., a New Mexico corporation,<br><br>         Defendants.<br>_____<br>SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY,<br><br>    Defendants and Third-<br>    Party Plaintiffs, | CIVIL NO. 04-00079 DAE-BMK<br><br>REPLY TO THIRD-PARTY PLAINTIFFS' OPPOSITION TO FEDERAL PARK SERVICE'S MOTION TO EXCLUDE RICHARD GILL; CERTIFICATE OF SERVICE |

```
           vs.                        )
                                      )
NORWEGIAN CRUISE LINES, INC.          )
and NATIONAL PARK SERVICE,            )
                                      )
     Third-Party Defendants.          )
_____ )
```

REPLY TO THIRD-PARTY PLAINTIFFS' OPPOSITION TO FEDERAL PARK SERVICE'S MOTION TO EXCLUDE RICHARD GILL

I.   INTRODUCTION

The National Park Service herein files its reply memorandum, addressing Third-party Plaintiffs' opposition brief. For the reasons stated the Court should exclude in full the proposed opinion testimony of witness Gill.

On September 16, 2005, Third-Party Defendant NCL (Bahamas) Ltd. filed its motion to exclude Kwak/Shin Jin expert Richard Gill. NCL's motion was a follow-up to an earlier motion filed April 26, 2005 by the National Park Service (NPS) to exclude Gill's testimony based in part upon a Daubert analysis. On September 30, 2005, the NPS filed its substantive joinder of the NCL motion to exclude, once again discussing Daubert considerations as well as other legal issues.

On November 28, 2005, the District Court heard oral arguments on various substantive motions, including the federal defendant's motion to dismiss. On November 30, 2005, the Court issued its decisions on the substantive motions, including that of the Federal defendant. A reading of the District Court's

-2-

decision makes clear that the Gill testimony now must be excluded in full.

II. DISCUSSION

    A. The District Court's Decision

In rendering its decision as to the federal defendant's motion, the Court viewed all factual matters in a light most favorable to the non-moving parties. [Order at 9]. In deciding the federal defendant's motion, the Court engaged in a thorough analysis of the discretionary function exception, one of three bases for dismissal raised by the federal defendant.[1] The Court's analysis included both the issues of signage and search and rescue duties. [Id. at 14-15]. The Court specifically addressed the regulations, policies, and statutes the opposing parties and Mr. Gill alleged imposed mandatory duties upon the Park Service. [Id. at 15].

The District Court expressly held that the park's sign manual and NPS-50 do not impose mandatory duties on the National Park Service. [Id. at 15-19]. In so ruling, the District Court considered the proffered Gill testimony as set out in his Rule 26

---

[1] The District Court did not directly address the dismissal basis concerning internal agency policies vice community standard of care. As to the open and obvious hazard defense raised, the Court found it a question of fact whether a "condition of closure" was open and obvious. It is an unreasonable risk, however, not a "condition of closure" which is the true concern of Hawaii "open and obvious" tort law. The Park Service will continue to press this defense as the litigation continues.

-3-

reports.  As to Gill's proposed expert opinions, the Court stated:

> Clearly this Court cannot rely upon an individual's summary of documents that the Court itself could review and interpret.
> [Id. at 19].

The meaning of this judicial finding could not be more clear:  it is for the trier of the law, the Court, to itself interpret the legal impact of various written policies such as the sign manual and NPS-50.  It is for the Court, not Mr. Gill, to determine if they give rise to a legal duty under the Federal Tort Claims Act and specifically in light of legal interpretations of Section 2680(h).  Mr. Gill's report attempts in essence to surplant this judicial responsibility by instructing the Court such policies give rise to a legal duty. The District court correctly ruled that its reliance on such legal advice testimony would be wholly improper.

The District Court came to a similar decision regarding the opposition's reliance upon the Park's "Incident Action Plan" for the eruption site area.  [Id. at 19-20].  The District Court found that the Incident Action Plan does not contain mandatory language prescribing a specific course of action.  [Id.]  The District Court expressly stated that "…the Incident Action Plan does not impose mandatory requirements on the National Park Service."  [Id. at 20].  Once again the Court has spoken,

rejecting Gill's contrary opinions of a legally-imposed duty which trumps the discretionary function exception.

The District Court contrasted the factual situation in <u>Faber v. United States</u>, 56 F.3d 1122 (9th Cir. 1995) with the instant factual circumstances, finding that the Incident Action Plan here does provide the Park Service with the option "to identify hazards and then choose the means by which to warn of identified hazards." [<u>Id.</u> at 21]. The Court found that in the instant case there is no evidence that the Park identified cooling lava as a specific hazard, and since the Incident Action Plan grants to the park employees discretion to identify hazards, and to determine which hazards require warning, and to deliver what method to use to warn the public of a hazard, the Plan includes an element of judgment and thus the exception applies to the Plan as to cooling lava. [<u>Id.</u> at 21].

Further in regard to the National Search and Rescue Plan, which Gill has opined created a legal duty to search for Mrs. Gast, the District court ruled that the evidence relied upon by NPS opponents "actually shows that the park employees had discretion as to whether and when to implement a search …[a]ccordingly, neither the search and rescue plan or the testimony show that there were mandatory requirements in place for the National Park Service to follow." [<u>Id.</u> at 21-22]. The Court in a footnote also found that the second prong of the

-5-

discretionary function test was met regarding which hazards to warn of; the training of its employees on these issues; and instigation of search and rescue efforts. [Id. at 22, n.4].

The District Court declined to grant the government's motion to dismiss in its entirety due to a single factual issue. Addressing 36 C.F.R. §§ 1.5(a)(1) and 1.7, the Court found a material dispute of fact which rendered total pre-trial dismissal inappropriate. [Id. at 22-25].[2]

In denying in total the government's motion, the Court ruled:

> … while the Court denies the National Park Service's motion to dismiss based upon the discretionary function test the only basis for the denial is the mandatory language of the code of federal regulations and the question of fact as to whether closure signs were present in conspicuous locations. Thus, the only means of recovery against the National Park Service is whether or not it was negligent in failing to post signs regarding the closure of the Park. [Id. at 25]. [Emphasis added].

---

[2] The federal defendant, not surprisingly, will continue to urge its viewpoint be further considered by the District Court, as the Court did not expressly address the government's contention that no safety signage was required by section 1.7, as it is a closure notice requirement rather than a legal duty to provide any sort of public warning of risk, a required element necessary to defeat the discretionary function exception. As mentioned, the District Court has held the NPS owed Mrs. Gast no legal duty under the exception to specifically warn of cooling lava. Nor did the Court fully address the argument that the NPS is entitled to dismissal even without the exception, as opponents can offer no evidence that community standards require such signage.

B.  <u>Mr. Gill's Testimony</u>

A review of Mr. Gill's two Rule 26 Reports, as well as a review of the opposing parties' argument against the NPS joinder to exclude Gill, makes clear that the District Court's November 30, 2005 ruling has eliminated the relevancy of Gill's opinions. Gill's "legal" opinions on such matters as the mandatory nature of regulations, implementation of the risk management plan, signage and so forth have all been addressed and ruled upon by the District Court.

Mr. Gill's proffered expert testimony regarding the Section 1.7 signs is not based upon any eyewitness examination or first hand knowledge. Rather, he would opine as to what he viewed in the Monsour video footage. The District Court is capable of viewing this same video. As a factual matter, it must be noted that Gill is simply wrong: the Monsour video <u>does</u> show a Section 1.7 sign located at the end of the mauka trail. Further, Gill opinions utterly fail to address the sworn testimony of multiple witnesses establishing that Section 1.7 signs were located at various places along the mauka side of the Chain of Crater Road. Gill's reliance on the Chestnut testimony that he personally did not see any closed area signs along the road is hardly probative without more. There is no showing that Mr. Chestnut looked for, let alone read <u>any</u> of the flow site signage.

III. CONCLUSION

Given the thorough analysis of the District Court's ruling of September 30, 2005, which now has limited the National Park Services's potential liability to one factual issue, this Court should rule that the testimony of Mr. Gill must now be excluded in full as against the National Park Service.

DATED: December 19, 2005, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By _____
R. MICHAEL BURKE
Assistant U.S. Attorney

Attorneys for Federal Defendant NATIONAL PARK SERVICE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN GAST, Individually and as Special Administrator of the ESTATE OF JACQUELINE GAST and as Guardian Ad Litem for his minor child, AMANDA RENEE GAST, and BROOKE ASHLEY GAST,<br><br>      Plaintiffs,<br><br>  vs.<br><br>SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; and CYNTHIA HATHAWAY, and AKAL SECURITY, INC., a New Mexico Corporation,<br><br>      Defendants.<br>_____<br>SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; and CYNTHIA HATHAWAY,<br><br>      Third-Party Plaintiffs,<br><br>  vs.<br><br>NORWEGIAN CRUISE LINES, INC. and NATIONAL PARK SERVICE,<br><br>      Third-Party Defendants. | CIVIL NO. 04-00079 DAE-BMK<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing document was duly served upon the following persons by depositing said copy as noted:

Mark S. Davis **(Facsimile & Email)**
Davis Levin Livingston Grande
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawaii 96813

Attorney for Plaintiffs
John Gast et al.


Dennis E.W. O'Connor, Jr. **(Facsimile & Email)**
Pacific Guardian Center
Makai Tower
733 Bishop Street, Suite 2400
Honolulu, HI 96813

Attorney for
Sung Ki Kwak, dba Shin Jin Hawaii
Travel & Tour and Cynthia Hathaway


Jeffrey S. Portnoy **(Facsimile & Email)**
Cades Schutte LLP
1000 Bishop Street, Suite 1200
Honolulu, HI 96813

Attorney for
NCL (BAHAMA) LIMITED incorrectly named
herein as Norwegian Cruise Lines, Inc.


April Luria **(Facsimile & Email)**
Roeca Louie & Hiraoka
900 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813

Attorney for AKAL SECURITY, INC.


DATED: December 19, 2005, at Honolulu, Hawaii.

_____