REINWALD O'CONNOR & PLAYDON LLP
A Limited Liability Law Partnership

DENNIS E. W. O'CONNOR            561
DENNIS E. W. O'CONNOR JR.       4084
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Telephone: 524-8350
Facsimile: 531-8628

Attorneys for Defendants and Third-Party Plaintiffs
SUNG KI KWAK, dba SHIN JIN HAWAII
TRAVEL & TOUR and CYNTHIA HATHAWAY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN GAST, individually, and as Special Administrator of the Estate of JACQUELINE GAST, and as Guardian Ad Litem for his minor child, AMANDA RENEE GAST, and BROOKE ASHLEY GAST,<br><br>Plaintiffs,<br><br>vs.<br><br>SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY,<br><br>Defendants. | CIVIL NO. CV 04 00079 DAE BMK (Wrongful Death)<br><br>DEFENDANTS AND THIRD-PARTY PLAINTIFFS SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR AND CYNTHIA HATHAWAY'S REPLY MEMORANDUM TO FEDERAL DEFENDANT'S "REPLY" TO THIRD PARTY PLAINTIFFS' OPPOSITION TO FEDERAL PARK SERVICE'S MOTION TO EXCLUDE RICHARD GILL FILED ON DECEMBER 19, 2005; DECLARATION OF RICK GILL, PH.D., CHFP, CXLT; DECLARATION OF DENNIS E. W. O'CONNOR JR.; EXHIBITS "A"-"B"; CERTIFICATE OF SERVICE |

170759/04-54/DOJ



| | |
|---|---|
| SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY,<br><br>        Third-Party Plaintiffs,<br><br>  v.<br><br>NORWEGIAN CRUISE LINES, INC. and NATIONAL PARK SERVICE,<br><br>        Third-Party Defendants. | Date:    Not set<br>Time:   Not set<br>Judge:  Barry Kurren |

DEFENDANTS AND THIRD-PARTY PLAINTIFFS SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR AND CYNTHIA HATHAWAY'S REPLY MEMORANDUM TO FEDERAL DEFENDANT'S "REPLY" TO THIRD-PARTY PLAINTIFFS' OPPOSITION TO FEDERAL PARK SERVICE'S MOTION TO EXCLUDE RICHARD GILL FILED ON DECEMBER 19, 2005

Defendants and Third-Party Plaintiffs SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR and CYNTHIA HATHAWAY, by and through their attorneys, Reinwald O'Connor & Playdon LLP, hereby respond to Federal Defendant's "Reply" Memorandum to Third Party Plaintiffs' Opposition to Federal Park Service's Motion to Exclude Richard Gill.

## I. THE USA DID NOT FILE A PROPER MOTION

The USA files a reply memo for a motion that was not properly brought. The "reply" memorandum is in support of a "joinder" that was clearly filed long after the Court ordered due date of September 15, 2005, and the "joinder" was also untimely as a joinder to NCL's original motion under local rules. As such, the Court should not address the USA's attempts to bring this untimely motion.

## II. THE USA IMPROPERLY REASSERTS ITS DISCRETIONARY FUNCTION DEFENSE

Having lost its motion to dismiss the Third Party Complaint based upon discretionary function, the USA attempts to reargue that motion. The USA requests this Court bar **all** evidence and testimony from Dr. Gill at trial based upon Judge Ezra's ruling on its motion to dismiss. The USA does not address Dr. Gill's expertise or the opinions he provides, which would be the proper focus of a Daubert motion. Rather, the USA claims that Judge Ezra's order bars **all** of Dr. Gill's testimony. Judge Ezra found that there are viable claims against the USA that are not barred by the discretionary function. Thus, Judge Ezra's ruling on its face does not bar all claims. Dr. Gill provided opinions in the areas that were not barred.

Judge Ezra ruled that there was a material question of fact as to whether closure signs were posted in conspicuous locations to notify the public of the closure. (See Order Denying Defendants and Third Party Plaintiffs Sung Ki Kwak, dba Shin Jin Hawaii Travel & Tour and Cynthia Hathaway's Motion to Dismiss and Denying Federal Defendant National Park Service's Motion to Dismiss filed on November 30, 2005 [hereinafter "Order"] at page 24). Judge Ezra held that there was no dispute that areas of the park, including the area where Mrs. Gast's body was found, were closed. (Id. at page 23.) The USA claimed that it informed the public of the closure by posting signs along the mauka (north) side of Chain of Craters Road. (Id. at 23-24.) The Court denied the USA's motion as to the claims of negligent failure to post closure signs. (Id. at 25.)

The court noted that:

> "As evidence was presented that Mrs. Gast was found on a recent cooling lava flow in a closed area where molten lava was present two feet beneath the surface, and there is a question of fact as to whether closure signs were posted in conspicuous locations, there is also a question of fact as to whether the condition of closure was open and obvious such that a prudent person could have detected and avoided the area."

See Order at page 26.

Thus, the issues left for trial as to Third-Party Plaintiffs' claims against the USA according to Judge Ezra are the failure to post signs notifying of closure of the park and whether the hazards of cooling lava in that closed area was open

4

and obvious. Judge Ezra did not address these issues in depth. The Ninth Circuit held that when determining whether the discretionary function applies that issues of negligence and liability are not addressed. Rauth v. United States, 941 F.2d 853, 855 (9th Cir. 1991).

Dr. Gill provided opinions that clearly address the remaining claims against the USA including that:

1. "36 C.F.R. sections 1.5 and 1.7 require that if the superintendent of a park closes a portion of the park that notice be provided to park visitors including the posting of signs along the boundary of the park. The form of the signs is set forth in the C.F.R. My review of this matter reveals that the signs were not properly posted along the north side of Chain of Craters Road and that Mrs. Gast's body was found approximately one-half mile inside the closed area." (See paragraph 2 and 2.a. of Declaration of Rick Gill, Ph.D. attached hereto.)

2. "36 CFR 1.7 mandates that if an area is closed that signs shall be posted at conspicuous locations and at reasonable intervals. As discussed in the implementation section it is unequivocal that NPS failed to do so." (Page 10, paragraph 7 of Exhibit "A," June 26, 2005 Opinion Letter of Rick Gill.)

5

3. That the NPS failed to properly implement an appropriate safety protocol, and that "...(d)espite the NPS claims that there were numerous "Area Closed" signs all along the northern edge of the Chain of Craters Road from well west of the turnaround to the beginning of the trailheads where the lava had crossed the road, the Mansour video fails to show any such signs after the turn around. This is a critically important failure in that this was the last area in which Mrs. Gast was last seen; thus she would have likely had to have traversed this general area in order to arrive at the location where her body was found. The failure to post proper warning signs at 'reasonable intervals' is a direct violation of 36 CFR 1.7." (Page 12, Implementation section, paragraph 1 of Exhibit "A," June 26, 2005 Opinion Letter of Rick Gill).

4. Mr. Chestnutt testified that he did not see any closed are signs north of the road. (Page 15, paragraph 9e of Exhibit "A," June 26, 2005 Opinion Letter of Rick Gill).

5. Ranger Minami-Judd testified that "...there were at least a dozen "Area Closed" signs starting from before the turn around to the trail head a ¼ mile east of the turn around. (Note: this is

contradicted by the Mansour video)." (Page 16, paragraph 11a of Exhibit "A," June 26, 2005 Opinion Letter of Rick Gill).

6. Ranger Akana testified that "...there were over 10 "Area Closed" signs that were posted beginning from approximately ¼ mile west of the turn around to the trailheads that were approximately ½ mile east of the kiosk. (Note: Since the Mansour video shows 4 such signs at the turn around, this would leave only few sings to close of a ¾ mile stretch; clearly this would not be an effective warning/closure)." (Page 16, paragraph 12 of Exhibit "A," June 26, 2005 Opinion Letter of Rick Gill).

Dr. Gill goes on to conclude that "While NPS did have a comprehensive risk management program documented, it failed to properly communicate, implement, and enforce its own plan." (Id. at page 17). He concludes that NPS:

1. Failed to provide proper warnings to the visiting public;

2. Failed to effectively warn of known hidden dangers;

3. Failed to provide warnings at the proper times and /or locations; and

4.  Failed to train employees and establish lines of communication.

(Id. at page 17.)

Thus, Dr. Gill provided several opinions concerning the USA that bear directly on Third Party Plaintiffs' remaining claims against the USA. Further, as noted in the opposition Dr. Gill's opinions are clearly grounded in his considerable expertise. (See paragraph VI of the Opposition Memorandum to the Motion to Strike Dr. Gill.)

## III. DR. GILL'S OPINIONS HAVE BEARING ON OTHER CLAIMS AND DEFENSES

Dr. Gill has provided opinions concerning Mrs. Gast, and there has been no motion to strike those opinions. Dr. Gill opined that:

> "...as a reasonable and prudent adult Mrs. Gast can and should be expected to behave in a manner that would not knowingly expose her to undue risks. Of particular concern, are Mrs. Gast's errors of omission and commission given her various physiological and psychological limitations, which she was fully aware of prior to her departure from the pier and at various points in time throughout the day, including:
>
> 1.  Failing to inform anyone of her change in plans;
>
> 2.  Failing to inform anyone of her intended destination and anticipated return time;
>
> 3.  Choosing to engage in an activity that was contraindicated (i.e. hiking, in the heat, with additional stressors such as time and being alone, etc.) given her physiological and psychological limitations;

8

4.  Failing to inform the tour guide or others of her special needs; and

5.  Leaving a point of safety when she knew or should have known that her tour guide would be returning shortly (i.e. within approximately 15 minutes)." (Pages 4 and 5 of Exhibit "B," March 27, 2005 Opinion Letter of Rick Gill).

Clearly Mr. Gill has opinions which have not been challenged concerning Plaintiff that include testimony about the eruption site and which were not barred by the discretionary function.

## IV. CONCLUSION

For the reasons stated above, the motion should be denied.

DATED: Honolulu, Hawaii, January 6, 2006.

_____
DENNIS E. W. O'CONNOR
DENNIS E. W. O'CONNOR JR.
Attorneys for Defendants and Third-Party
Plaintiffs SUNG KI KWAK, dba Shin Jin
Hawaii and CYNTHIA HATHAWAY