

CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY       1211-0
NEILL T. TSENG           8088-0
1000 Bishop Street, Suite 1200
Honolulu, Hawaii 96813-4212
Telephone: (808) 521-9200
Fax:       (808) 540-5040
Email:     jportnoy@cades.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 0 6 2006

at 5 o'clock and 63 min. P M
SUE BEITIA, CLERK

Attorneys for Third-Party Defendant NCL
(BAHAMA) LTD incorrectly named herein as
NORWEGIAN CRUISE LINES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN GAST, individually, and as Special Administrator of the Estate of JACQUELINE GAST, and as Guardian Ad Litem for his minor child, AMANDA RENEE GAST, and BROOKE ASHLEY GAST,<br><br>Plaintiffs,<br><br>v.<br><br>SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY, and AKAL SECURITY, INC., a New Mexico Corporation,<br><br>Defendants.<br><br>SUNG KI KWAK, dba SHIN JIN | CIVIL NO. 04-00079 DAE-BMK (Wrongful Death)<br><br>THIRD-PARTY DEFENDANT NCL (BAHAMA) LTD'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE KWAK/SHIN JIN EXPERT RICHARD GILL AS TO IT, FILED SEPTEMBER 26, 2005; CERTIFICATE OF SERVICE<br><br>Judge: Honorable David Alan Ezra<br><br>Trial: August 15, 2006 |

| |
|---|
| HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship, and CYNTHIA HATHAWAY, |
|     Third-Party Plaintiffs, |
|   v. |
| NORWEGIAN CRUISE LINES, INC. and NATIONAL PARK SERVICE, |
|     Third-Party Defendants. |

**THIRD-PARTY DEFENDANT NCL (BAHAMA) LTD'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE KWAK/SHIN JIN EXPERT RICHARD GILL AS TO IT, FILED SEPTEMBER 26, 2005**

NCL (Bahama) Limited's ("NCL") Motion to Exclude Kwak/Shin Jin Expert Richard Gill as to It, filed September 26, 2005, should be granted. The opposition memo of Defendants and Third-Party Plaintiffs Sung Ki Kwak, dba Shin Jin Hawaii Travel & Tour, and Cynthia Hathaway (collectively, "Kwak") falls far short of demonstrating by a preponderance of the evidence that human factors analysis is in any way relevant to a cruise line's procedures for locating missing passengers so as to make Gill's testimony as to NCL admissible.

As this court has previously recognized, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) ("Daubert I"), "requires the district court to ensure the 'evidentiary reliability' or 'trustworthiness' of the testimony by finding that 'the reasoning or methodology underlying the testimony is

scientifically valid and . . . can be applied to the facts in issue.'" See Order Denying Without Prejudice Federal Defendant's Motion to Exclude Kwak/Shin Jin's Expert Richard Gill, filed on June 14, 2005 ("Order"), at 17-18 (citing Daubert I, 509 U.S. at 590-93). Kwak must establish the admissibility of Gill's testimony as to NCL by a preponderance of the proof. See Daubert I, 509 U.S. at 593 n.10. Kwak has clearly failed to do so.

Kwak's opposition memo completely misses the mark. Kwak first directs the court's attention to Gill's lengthy CV and then jumps directly to Gill's conclusions as to NCL, without establishing the crucial intervening step – that Gill's CV and purported human factors expertise is in any way relevant to his conclusions. In other words, Kwak fails to establish the key issue presented by this motion – that human factors analysis "can be applied to the facts in issue" as to NCL.

Kwak asserts, "It is clear from Dr. Gill's CV that his method has been tested and used both in his academic and professional experience." Opp. Memo at 4. However, it appears equally clear from Gill's CV that his method has never been tested with regard to any issue relevant to NCL. Gill's CV contains references to a smorgasbord of subjects including mechanical engineering, math modeling, mechanics, statistics, ergonomics, aerospace research, and human factors. The references to "human factors" arise in the context of such exotic topics as "The

3

Role of Human Factors in Engineering Design: A Case Study of an Industrial Paper Winder," "The Role of Human Factors in Operator Workstation Design," "The Improvement of a Ballistics Test Range Control Panel Via Human Factors Engineering," "Human Factors Critique and Redesign of a Jet Engine Control Panel," "Human Factors Critique and Design of a Hydraulic Systems Test Stand," "A Human Factors Critique of an Industrial Sewer Cleaner," and "The Role of Human Factors at Three Mile Island." See Kwak's Opp, Ex. A, at 8-9 (listing presentations).

Intriguing as these topics may be, the sobering reality for Kwak is they have nothing to do with Mrs. Gast's death or any other issue germane to this case. As the Supreme Court has explained, "'Fit' is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes." Daubert I, 509 U.S. at 591. Nothing in this case concerns an industrial paper winder, an operator workstation, a ballistics test range control panel, a jet engine control panel, a hydraulic systems test stand, an industrial sewer cleaner, or a nuclear meltdown.

On the flip side, nothing in Gill's CV indicates that he has any experience or expertise relating to the policies and procedures that a cruise line should employ in trying to locate a missing passenger, relating to the travel industry in general, or

relating to finding missing persons, much less the application of human factors analysis to these topics.

> In determining whether a proffer of scientific evidence is sufficiently reliable, . . . "one very significant fact to be considered is whether the experts are proposing to testify about matters growing naturally and directly out of research they have conducted independent of the litigation, or whether they have developed their opinions expressly for purposes of testifying." Daubert v. Merrell Dow Pharms., Inc., 43 F.3d 1311, 1317 (9th Cir. 1995) ("Daubert II"). If the testimony is not based on independent research then what is required is "proof that the research and analysis supporting the proffered conclusions have been subjected to normal scientific scrutiny through peer review and publication." Id. at 1318.

Clausen v. M/V New Carissa, 339 F.3d 1049, 1056 (9th Cir. 2003).

Because it is obvious from Gill's CV that Gill's testimony as to NCL has been crafted solely for purposes of this litigation and does not arise out of independent research, Kwak must prove that the research and analysis supporting Gill's conclusions is scientifically valid. In other words, Kwak must specifically demonstrate that human factors analysis *as applied to the topic of a cruise line's procedures for locating missing passengers* has been subjected to normal scientific scrutiny. Kwak has utterly failed to do so.

There is no evidence in Gill's CV or elsewhere that human factors analysis can be or has been tested with respect to this topic, that human factors analysis has been peer reviewed with respect to this topic, or that a relevant scientific community has generally accepted the application of human factors analysis to this

topic. These factors – testing, peer review, and general acceptance – are all relevant to the court's inquiry. See Order at 18 (citing Daubert I, 509 U.S. at 593-94).

Kwak cites one out-of-circuit case, Mihailovich v. Laatsch, 359 F.3d 892, 919 (7th Cir. 2004), for the proposition that "[h]uman factors is not novel and is a recognized analytical approach." Opp. Memo at 5. However, in Mihailovich the human factors approach was used to analyze the design of a roadway where an automobile accident occurred. Even if the human factors approach has been subjected to testing or peer review in that context, Kwak has provided absolutely no evidence that it has been subjected to testing or peer review in any context germane to NCL. It is one thing for mechanical engineers to accept the human factors approach in analyzing the design of roadways, but quite another to show that the human factors approach has been generally accepted for analyzing the response and policies of a cruise line regarding missing passengers.

In short, the court has "been presented with only the experts' qualifications, their conclusions and their assurances of reliability. Under Daubert, that's not enough." Daubert II, 43 F.3d at 1319. Because "no understandable scientific basis is stated" and "[p]ersonal opinion, not science, is testifying here," Gill's testimony as to NCL "is inadmissible as a matter of law under Rule 702." Id.

DATED: Honolulu, Hawaii, January 6, 2006.

        CADES SCHUTTE
        A Limited Liability Law Partnership

        _____
        JEFFREY S. PORTNOY
        NEILL T. TSENG
        Attorneys for Third-Party Defendant NCL
        (BAHAMA) LTD incorrectly named herein
        as NORWEGIAN CRUISE LINES, INC.

ImanageDB:620280.3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN GAST, individually, and as Special Administrator of the Estate of JACQUELINE GAST, and as Guardian Ad Litem for his minor child, AMANDA RENEE GAST, and BROOKE ASHLEY GAST, <br><br>    Plaintiffs, <br><br>    v. <br><br>SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY, and AKAL SECURITY, INC., a New Mexico corporation, <br><br>    Defendants. | CIVIL NO. 04-00079 DAE-BMK (Wrongful Death) <br><br> CERTIFICATE OF SERVICE |
| SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship, and CYNTHIA HATHAWAY, <br><br>    Third-Party Plaintiffs, <br><br>    v. <br><br>NORWEGIAN CRUISE LINES, INC. and NATIONAL PARK SERVICE, <br><br>    Third-Party Defendants. | |

ImanageDB:620280.3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and correct copy of the foregoing document was duly served by U.S. Mail on the parties listed below at the last known address:

> MARK S. DAVIS, ESQ.
> MICHAEL K. LIVINGSTON, ESQ.
> Davis Levin Livingston Grande
> 400 Davis Levin Livingston Grande Place
> 851 Fort Street
> Honolulu, Hawaii 96813
>    Attorneys for Plaintiffs

> DENNIS E. W. O'CONNOR, ESQ.
> DENNIS E. W. O'CONNOR JR., ESQ.
> Reinwald O'Connor & Playdon LLP
> Pacific Guardian Center, Makai Tower
> 733 Bishop Street, Suite 2400
> Honolulu, Hawaii 96813
>    Attorneys for Defendants and Third-Party
>    Plaintiffs SUNG KI KWAK, dba SHIN
>    JIN HAWAII TRAVEL & TOUR and
>    CYNTHIA HATHAWAY

> R. MICHAEL BURKE, ESQ.
> Office of the U.S. Attorney
> PJKK Federal Building
> 300 Ala Moana Boulevard, Room 6100
> Honolulu, Hawaii 96813
>    Attorney for Third-Party Defendant
>    NATIONAL PARK SERVICE

      APRIL LURIA, ESQ.
      JODIE D. ROECA, ESQ.
      Roeca, Louie & Hiraoka
      900 Davies Pacific Center
      841 Bishop Street
      Honolulu, Hawaii 96813
          Attorneys for Defendant
          AKAL SECURITY, INC.

DATED: Honolulu, Hawaii, January 6, 2006.

          CADES SCHUTTE
          A Limited Liability Law Partnership

          _____
          JEFFREY S. PORTNOY
          NEILL T. TSENG
          Attorneys for Third-Party Defendant NCL
          (BAHAMA) LTD incorrectly named herein
          as NORWEGIAN CRUISE LINES, INC.