IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN GAST, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF JACQUELINE GAST AND AS GUARDIAN AD LITEM FOR HIS MINOR CHILD, AMANDA RENEE GAST, AND BROOKE ASHLEY GAST<br><br>        PLAINTIFFS,<br><br>VS.<br><br>SUNG KI KWAK, DBA SHIN JIN HAWAI`I TRAVEL & TOUR, A HAWAI`I SOLE PROPRIETORSHIP; AND CYNTHIA HATHAWAY, AND AKAL SECURITY, INC., A NEW MEXICO CORPORATION,<br><br>        DEFENDANTS. | CIVIL No. 04-00079 DAE-BMK (WRONGFUL DEATH)<br><br>PLAINTIFFS' MOTION IN LIMINE NO. 1<br><br>TO EXCLUDE ANY EVIDENCE THAT QUAY CRUISE AGENCY USA, BY AND THROUGH ITS EMPLOYEES, ACTED OUTSIDE THE SCOPE OF ITS AGENCY WITH NCL (BAHAMA) LTD |
| SUNG KI KWAK, DBA SHIN JIN HAWAI`I TRAVEL & TOUR, A HAWAI`I SOLE PROPRIETORSHIP; AND CYNTHIA HATHAWAY,<br><br>        THIRD-PARTY PLAINTIFFS,<br><br>VS.<br><br>NORWEGIAN CRUISE LINES, INC. AND NATIONAL PARK SERVICE,<br><br>        THIRD-PARTY DEFENDANTS | |
| NCL (BAHAMA) LIMITED,<br><br>        COUNTERCLAIM PLAINTIFF, | |

vs.

**NATIONAL PARK SERVICE (USA),**

          Cross-Claim Defendant

**NATIONAL PARK SERVICE (USA),**

          Counterclaim Plaintiff,

vs.

**JOHN GAST,** Individually and as Special Administrator of the **ESTATE OF JACQUELINE GAST** and as Guardian Ad Litem for his minor child, **AMANDA RENEE GAST,** and **BROOKE ASHLEY GAST, SUNG KI KWAK,** dba **SHIN JIN HAWAI`I TRAVEL & TOUR,** a Hawai`i Sole Proprietorship; and **CYNTHIA HATHAWAY,**

          Counterclaim Defendants.

**NATIONAL PARK SERVICE (USA),**

          Cross-Claim Plaintiff,

vs.

**NCL (BAHAMA) LIMITED,**

          Cross-Claim Defendant.

## PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE ANY EVIDENCE THAT QUAY CRUISE AGENCY USA, BY AND THROUGH ITS EMPLOYEES, ACTED <u>OUTSIDE THE SCOPE OF ITS AGENCY WITH NCL (BAHAMA) LTD</u>

Plaintiffs JOHN GAST, individually and as Special Administrator of the Estate of JACQUELINE GAST and as Guardian Ad Litem for his minor child, AMANDA RENEE GAST, and BROOKE ASHLEY GAST, and by and through their counsel, DAVIS LEVIN LIVINGSTON GRANDE, hereby move this Court in limine to exclude evidence that Quay Cruise Agency USA, by and through its employees, acted outside the scope of its agency with NCL (Bahama) Ltd.

The records and testimony are not relevant to either the claims or the defenses in this case and their introduction into evidence would be unfairly prejudicial

This motion is made pursuant to Rules 7, 26 and 37 of the Federal Rules of Civil Procedure and Rules 402, 403 and 702 of the Federal Rules of Evidence, and is based on the memorandum and exhibits attached hereto and the records and files herein.

DATED: Honolulu, Hawai'i May 30, 2006.

_____
MARK S. DAVIS
Attorney for Plaintiffs