Gayle Suzuki, M.D.
46-261 Kahuhipa Street A308
Kaneohe, HI 96744

March 29, 2005

R. Michael Burke, AUSA
PJKK Federal Building
300 Ala Moana Blvd., Room 6-100
Honolulu, HI 96850

    Re: Gast et al. v. Kwak et al.
        <u>Civil No. 04-00079 DAE-BMK</u>

Dear Mr. Burke:

    I have reviewed the following records you forwarded to me in regards to the above referenced case:
1. Complaint
2. Medical records from Drs. Johnson and Salaz
3. Deposition transcript of Dr. Johnson
4. Expert report from Dr. Elizabeth Tam
5. NPS report, Hawaii Police Department reports, Autopsy report and Photographs

    Review of the medical records from Drs. Johnson and Salaz, and deposition transcript of Dr. Johnson indicate that Mrs. Gast was a 45-year-old woman with a history of bipolar disorder, hypertension, hyperlipidemia, and on multiple medications including Tegretol, Trazodone, Klonopin, Paxil, Lipitor, Adacand, and Hyzaar. She also suffered from arthritis/tendonitis of the cervical neck and lower lumbar region. She was a 1 ½ pack/day smoker. Her medical history also included allergies to codeine and sulfa drugs and past surgical history of a hysterectomy for endometriosis and a left breast lumpectomy, which was benign. A chest x-ray performed on 01/15/02 for hypertension demonstrated a normal cardiac silhouette with no evidence of acute cardiopulmonary disease. A barium study performed on 09/13/01 and an upper gastrointestinal series performed on 09/07/01 were within normal limits.

    According to the NPS report and Hawaii Police Department reports, Mrs. Gast and her husband were tourists from Florida who were traveling on a cruise ship around the Hawaiian Islands. When the cruise ship arrived in Hilo on 10/14/02, Mrs. Gast booked a tour to Hawaii Volcanoes National Park. She and eleven other passengers arrived at the eruption sight between 10:20 a.m. and 10:30 a.m. Depending on which

**EXHIBIT 7**

hiking trail was taken, the hike would last either 15 minutes (makai trail) or 5 minutes (mauka trail). Mrs. Gast was reportedly on the hiking trail, lagging behind the rest of the group and smoking a cigarette. Mrs. Gast was last seen alive by the tour guide on the makai hiking trail. When the tour group reconvened at approximately 11:00 a.m., everyone except Mrs. Gast was present. Other passengers stated that she had been talking all the time and smoking, so they didn't stay by her. A few of the passengers went to look for her, but could not find her. The tour van then left the park since everyone had to be back onboard the ship at 12:30 p.m.

On 10/15/02 between 6:00 a.m. and 6:30 a.m., a hiker found the body of Mrs. Gast located away from the trail, ½ mile north of the coastal shelter from Chain of Craters Road and approximately 20 yards from the edge of the western flow. The surface under her was a recent lava flow and still hot with molten lava approximately 2 feet below the surface. An active lava flow was to the north of the body. Many methane explosions were reported in the area. Her body was in the supine position with the head in the southeast direction. Her clothing was still on, but she did not have any footwear on. Her sandal was found approximately four meters from her. Her purse was on her chest, a pack of cigarettes was by her side, and half a cigarette was found between her fingers. Her body was partially burned.

The lava and weather conditions reported for 10/14/02 indicated that the day was extremely hot with very light onshore wind. There was good surface flow on the mauka trail, steam plume viewing on the makai trail, and lava streams visible on the upper most pali.

Review of the autopsy report and photographs indicated thermal burns over the entire body, laceration of the heel of the right foot, no evidence of soot or edema of the airways, and mild atherosclerosis of the coronary arteries. A comprehensive drug screen was negative. The cause of death was listed as thermal burns with probable hyperthermia as the contributing cause of death.

Based upon the review of the records available to me, the cause of death in my opinion is undetermined. There were extensive thermal injuries of the body; however, the strong possibility that the burns were incurred after death cannot be excluded. Although the cause of death is undetermined, there are several possibilities:

1. Dehydration.
    No vitreous electrolyte analyses were performed to exclude dehydration. The conditions reported on the day of Mrs. Gast's visit to the park indicated that it was extremely hot. Reports do not indicate that Mrs. Gast had any fluids (e.g. water bottle) with her during the hike, predisposing her to dehydration.

2. Hyperthemia.
    The extremely hot weather conditions and the lack of fluids would certainly contribute to hyperthermia. Mrs. Gast's husband had stated in a

report that "she does not do well in heat" and that "she becomes disoriented whenever she overheats". If Mrs. Gast was indeed hyperthermic and became disoriented, then this would account for the fact that she was found off the hiking trail.

3. Cardiac arrhythmia.
   Although the autopsy report indicated that there was no cardiomegaly or ventricular hypertrophy and only mild atherosclerosis of the coronary arteries, no microscopic examination of the heart was performed to exclude intramyocardial vascular sclerosis, possible interstitial fibrosis, or other cardiac disease. Her history of hypertension would be a risk factor for cardiac disease.

4. Hypoxia due to methane or other gases from the lava flow.
   Postmortem testing for methane and other gases may be precluded by the thermal injuries of the lungs; however, this remains a strong possibility since Mrs. Gast was in an environment with methane explosions and lava flow nearby. In addition, Mrs. Gast's smoking history would compromise her lung function making her more susceptible to hypoxia in that situation.

The above stated possible causes of death, either alone or in combination, together with Mrs. Gast's underlying bipolar disorder and hypertension, are most likely responsible for the cause of death.

A copy of my curriculum vitae is attached. I have been qualified as a expert witness in the fields of anatomic, clinical, and forensic pathology in the City and County of Honolulu, and have testified as an expert witness in depositions, grand jury, and preliminary hearings in Honolulu and in New Mexico. I have been retained at the rate of $300.00 per hour.

If you have any questions, please do not hesitate to contact me at 527-6777.

Sincerely,

*[signature]*, MD
Gayle Suzuki, M.D.