IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN GAST, individually, and as Special Administrator of the Estate of JACQUELINE GAST, and as Guardian Ad Litem for his minor child, AMANDA RENEE GAST, and BROOKE ASHLEY GAST,<br><br>      Plaintiffs,<br><br>vs.<br><br>SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY,<br><br>      Defendants. | CIVIL NO. CV 04 00079 DAE BMK (Wrongful Death)<br><br>MEMORANDUM IN SUPPORT OF MOTION |
| SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY,<br><br>      Third-Party Plaintiffs,<br><br>v.<br><br>NORWEGIAN CRUISE LINES, INC. and NATIONAL PARK SERVICE,<br><br>      Third-Party Defendants. | |

175637/04-54/DOJ

## MEMORANDUM IN SUPPORT OF MOTION

### I. BACKGROUND

The instant case concerns the death of Jacqueline Gast at Volcanoes National Park while visiting the eruption site there in October 2002. Mrs. Gast was last seen waiting for a ride at the eruption site pavilion on October 14, 2002 around 11:00 a.m. Mrs. Gast's body was found in the early morning of October 15, 2002 in a closed area of the park about ½ mile away from the road and pavilion. Mrs. Gast's body was found atop a new, cooling lava flow. The body was subjected to intense heat. The result was the body sustained extensive thermal burning damage and was discolored and deformed.

Park Rangers, investigators and officers conducted an investigation of the death, and several photographs were taken of the body where it lay, when it was in transit and during the autopsy. The photographs show extensive burning of Mrs. Gast's body, and these photographs are fairly gruesome.

However, these photographs do not show the state of Mrs. Gast's body at the time she died nor can it be shown that any of the heat damage to the body existed while she was alive and concious. As such, the photos show extensive heat damage to the body that cannot be connected by Plaintiffs to what occurred at the time of death. As such, they are of low probative value to the issues of the case. However, the photos will arouse emotions in the jury and

probably will cause a decision based on emotional factors or incorrect assumptions concerning the thermal damage and liability, causation and damages. Attached as Exhibit "A" are just some of the photos of Mrs. Gast's body to illustrate this point.

## II. LAW

Rule 403 of the Federal Rules of Evidence states:

> Exclusion of relevant evidence on grounds of prejudice, confusion or waste of time. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

Rule 403, F.R.E.

Rule 403 confers upon the trial court discretion to exclude evidence when its relevance is substantially outweighed by the danger of unfair prejudice confusion or misleading of the jury. The court balances probative value against such dangers and the availability of other evidence. Rule 403, F.R.E.

The United States Supreme Court explained that:

> Evidence which "lures" the trier of fact to decide on an improper emotional basis is unfairly prejudicial.

Old Chief v. U.S., 519 U.S. 172, 180 (1997).

"Unfair prejudice" means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one. Advisory Committee Notes on Fed. Rule Evid. Rule 403, 28 U.S.C.App. p. 860.

3

Using the Rule 403 factors, the Ninth Circuit Court found that photographs of firearms should be excluded during trial since such photographs would have a visceral impact that exceeded their probative value. U.S. v. Green, 648 F.2d 587, 595 (9th Cir. 1981).

In People v. Burns, 109 Cal.App.2d 524 (1952), the California Court of Appeals held that the trial court erred when it admitted photographs of an autopsy in a criminal case concerning a beating death. The Appeals Court stated that looking at pictures of the autopsy would not help the jury understand what caused the injuries depicted or how those injuries could cause death. The photos were so grotesque and horrible that it is was doubtful if the average juror could be persuaded to look past the gruesomeness to ascertain the injuries allegedly depicted by them. Id. at 541. The court stated:

> "Surely, there is a line between admitting a photograph which is of some help to the jury in solving the facts of the case and one which is of no value other than to inflame the minds of the jurors. That line was crossed in this case."

Id. at 542.

The Hawaii Supreme Court addressed the introduction of a videotape using the Rule 403 balancing factors in Loevsky v. Carter, 79 Haw. 419 (1989). In Loevsky, the trial court excluded a video reenactment from evidence because plaintiff could not show that the depiction was substantially similar to the actual conditions of the accident. Id. The Hawaii Supreme Court upheld this ruling

4

noting that the videotape showed different conditions than the testimony of the accident. Id. In particular, the video showed a motorcycle going through gravel and dirt at speeds which had not been established at trial and there was no passenger on the video although there was a passenger in the accident before the court. Id. at 424.

### III. ARGUMENT

In the present case, it is expected that Plaintiffs and other parties will attempt to introduce photographs of Mrs. Gast's body taken on the lava flow, during transit and during autopsy and handling of the body. The burning on Mrs. Gast's body was severe. As can be seen from the attached, the body was badly burned, discolored and disfigured by the radiant heat of the lava.

The evidence before the Court is that Mrs. Gast was last seen at about 11:00 a.m. on October 14, 2002 and that her body was found by a hiker in the early morning (6:00 to 7:00 a.m.) by a hiker. The body was atop a cooling lava flow when found. There is no evidence of when Mrs. Gast died. The autopsy notes that cause of death is thermal burns. (See Exhibit "B.") However, no time of death was established and there is no showing what the extent of damage was at time of death. Further, there is no direct evidence of conscious pain and suffering.

As such, photographs of extensive thermal burning of Mrs. Gast's body would probably be misused by the jury concerning the issues of cause of

5

death, time of death and conscious pain and suffering before death. The photos will cause an emotional response, which is an improper basis for the jury to use in determining liability and damages.

There are to-scale diagrams of where the body was and detailed descriptions of how the body was found made by the Volcanoes National Park. There are several photos taken with a marker to show where the body was found. Thus, Plaintiffs can introduce evidence concerning the body without the inflammatory pictures of Mrs. Gast's body.

## IV.  CONCLUSION

Since there is no showing of similarity of the state of the body at the time of death to the photographs, the photographs are misleading and should be excluded.

DATED: Honolulu, Hawaii, May 30, 2006.

_____
DENNIS E. W. O'CONNOR
DENNIS E. W. O'CONNOR JR.
Attorneys for Defendants and Third-Party
Plaintiffs SUNG KI KWAK, dba SHIN JIN
HAWAII TRAVEL & TOUR and
CYNTHIA HATHAWAY