IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN GAST, individually, and as Special Administrator of the Estate of JACQUELINE GAST, and as Guardian Ad Litem for his minor child, AMANDA RENEE GAST, and BROOKE ASHLEY GAST,<br><br>    Plaintiffs,<br><br>vs.<br><br>SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY,<br><br>    Defendants. | CIVIL NO. CV 04 00079 DAE BMK (Wrongful Death)<br><br>MEMORANDUM IN SUPPORT OF MOTION |
| SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>NORWEGIAN CRUISE LINES, INC. and NATIONAL PARK SERVICE,<br><br>    Third-Party Defendants. | |

175657/04-54/DOJ

## MEMORANDUM IN SUPPORT OF MOTION

It is well established that Plaintiff the ESTATE OF JACQUELINE GAST (hereinafter "Plaintiff") has the burden of proving damages under the standard of "reasonable certainty." See e.g. Chung v. Kaonohi Center Co., 62 Haw. 594, 606 (1980); Burgess v. Arita, 5 Haw. App. 581 (1985).

Plaintiff's husband John Gast testified during his deposition that Jacqueline Gast was intending to return to work as a real estate agent once Amanda Gast went to high school. (Exhibit "A," Oral Deposition of John Gast taken January 24-25, 2005 at p. 116, lines 4-9.)

Plaintiff's psychiatrist, Dr. Johnson, testified that in his opinion Mrs. Gast would probably not return to work because of the degree of impairment she suffered. (Exhibit "B," Oral Deposition of Dr. Johnson taken January 25, 2005 at pp. 74-75.)

Further, Plaintiffs did not disclose any witnesses with expertise or financial background needed to calculate or lay a foundation for his claim for future income loss. Plaintiff will not calling an expert economist or similar expert at trial. In short, Mr. Gast's testimony cannot provide a reliable, competent opinion either medically or as an economic expert as to the value of future income loss or

its basis. Compare Airgo, Inc. v. Horizon Cargo Transport, Inc., 66 Haw. 590 (1983).

In Airgo, plaintiff-appellant Airgo claimed on appeal that there was insufficient evidence to furnish a basis for measuring economic loss damages. The court found that there was substantial testimony at trial of Airgo's failure to properly operate and maintain the aircraft pursuant to a service agreement. The evidence showed loss of business revenue and that payments made under a contract for three years with a guarantee of $32,500 per month were stopped. The jury awarded Horizon Cargo $32,500 for breach of contract.

The court held that the jury could have found on the evidence that Airgo's breaches with regard to operation and maintenance caused the damages awarded. The standard utilized in reaching this holding was "reasonable certainty." See also Burgess v. Arita, 5 Haw. App. 581, 588 (1985) ("loss must be shown with reasonable certainty and that excludes any showing or conclusion founded upon mere speculation or guess." [citations omitted]).

The standard of "reasonable certainty" is applicable to claims for future economic loss. In Condron v. Harl, 46 Haw. 66 (1962), plaintiff was permitted to testify as to his business and that he believed he would have had an "upswing in business." Id. at 71. The court held that plaintiff could not show

3

overall economic trends affected his business since he did not have the needed expertise. Id. at 72. On this evidence, the court held that there was insufficient evidence to show with reasonable certainty that plaintiff sustained an earnings loss. Id.

Plaintiff in the case at bar has no means of adducing the present day value of any future lost wages from the evidence to be presented at trial. There is no expert economist or similar expert to render such an opinion concerning future lost wages. Further, the only medical testimony is that Mrs. Gast was unfit to work for years before she died.

Instructive is the decision in Downie v. U.S. Lines Co., 359 F.2d 344 (3rd Cir.) cert denied, 385 U.S. 897 (1966). There the court stated that any award for permanent impairment must be based on life expectancy and must be a probable pecuniary loss reduced to present worth.

Future lost wages are routinely discounted to present value. O'Shea v. Riverway Towing Co., 677 F.2d 1194 (7th Cir. 1982); Doca v. Marina Mercante Nicaraguense, S.A., 634 F.2d 30 (2d Cir. 1980). Accordingly, "appropriate mathematical guidance" is the method of reducing lost future earnings to present worth must be presented to the jury. Ballantine v. Central Railroad of New Jersey, 460 F.2d 540 (3d Cir. 1972). And, failure to reduce lost earnings to present value

is reversible error. Wentz v. T.E. Connolly, Inc., 273 P.2d 485 (S. Ct. Wash. 1954).

Plaintiff does not have the requisite expertise to reduce the earnings to present worth or to render a reliable opinion on the present day value of any future wage loss. Moreover, any opinion by the husband would be beyond the realm of those permitted by Rule 701, Federal Rules of Evidence.

Rule 701 states:

> Rule 701 Opinion testimony by lay witnesses. If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness, and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue.

Any lay opinion testimony as to present value would not be "rationally based on the perception of the witness." Nor is Plaintiff a lay person of sufficient expertise to aid the jury in determining the value of future economic loss. Accordingly, lay testimony as to the value of Plaintiff's claim for future wage loss should be precluded.

/

/

/

5

## CONCLUSION

For the reasons above, Defendants respectfully request this Court grant the instant motion.

DATED: Honolulu, Hawaii, May 30, 2006.

_____
DENNIS E. W. O'CONNOR
DENNIS E. W. O'CONNOR JR.
Attorneys for Defendants and Third-Party
Plaintiffs SUNG KI KWAK, dba SHIN JIN
HAWAII TRAVEL & TOUR and
CYNTHIA HATHAWAY