IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN GAST, individually, and as Special Administrator of the Estate of JACQUELINE GAST, and as Guardian Ad Litem for his minor child, AMANDA RENEE GAST, and BROOKE ASHLEY GAST,<br><br>      Plaintiffs,<br><br>  vs.<br><br>SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY,<br><br>      Defendants. | CIVIL NO. CV 04 00079 DAE BMK (Wrongful Death)<br><br>MEMORANDUM IN SUPPORT OF MOTION |
| SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY,<br><br>      Third-Party Plaintiffs,<br><br>  v.<br><br>NORWEGIAN CRUISE LINES, INC. and NATIONAL PARK SERVICE,<br><br>      Third-Party Defendants. | |

175659/04-54/DOJ

## MEMORANDUM IN SUPPORT OF MOTION

**FACTUAL BACKGROUND**

This case concerns the death of Jacqueline Gast at the Volcanoes National Park in October 2002. Defendant Shin Jin holds a liability insurance policy which has provided a defense in this matter and could cover Defendants for this incident. Upon information and belief, AKAL has claimed it is not insured in this matter, and Defendant NCL apparently has several levels of coverage in the millions of dollars.

Rule 411 of the Federal Rules of Evidence states in pertinent part:

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This Rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.

The plain language of Rule 411, Federal Rules of Evidence, states that evidence of the existence or extent of coverage of the liability insurance policies is inadmissible as the issue of Defendant's alleged negligence or wrongful conduct.

In Hawaii, the Hawaii Supreme Court has long held the view that knowledge of the existence or lack of liability insurance coverage might bias jurors and influence them to make a decision on irrelevant and improper grounds. <u>See</u>

2

Carr v. Kinney, 41 Haw. 166, 176 (1955); Gillam v. Gerhardt, 34 Haw. 466 (1938).

Thus, the relative coverages of Defendants should not be introduced at trial. Defendants respectfully request this court issue an order excluding introduction of any and all oral or documentary evidence and any argument about Defendants' liability policies during trial of this action.

DATED: Honolulu, Hawaii, May 30, 2006.

_____
DENNIS E. W. O'CONNOR
DENNIS E. W. O'CONNOR JR.
Attorneys for Defendants and Third-Party
Plaintiffs SUNG KI KWAK, dba SHIN JIN
HAWAII TRAVEL & TOUR and
CYNTHIA HATHAWAY