OF COUNSEL:

DAVIS LEVIN LIVINGSTON GRANDE

MARK S. DAVIS        1442-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawai'i  96813
Telephone:  (808) 524-7500
Fax:  (808) 356-0418
Email:  mdavis@davislevin.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **JOHN GAST,** INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE **ESTATE OF JACQUELINE GAST** AND AS GUARDIAN AD LITEM FOR HIS MINOR CHILD**, AMANDA RENEE GAST,** AND **BROOKE ASHLEY GAST**<br><br>         PLAINTIFFS,<br><br>    vs.<br><br>**SUNG KI KWAK,** DBA **SHIN JIN HAWAI`I TRAVEL & TOUR,** A HAWAI`I SOLE PROPRIETORSHIP; AND **CYNTHIA HATHAWAY,** AND **AKAL SECURITY, INC.,** A NEW MEXICO CORPORATION,<br><br>         DEFENDANTS.| CIVIL NO. **04-00079 DAE-BMK** (WRONGFUL DEATH)<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO** DEFENDANTS AND THIRD-PARTY PLAINTIFFS **SUNG KI KWAK**, dba SHIN JIN HAWAII TRAVEL & TOUR and CYNTHIA HATHAWAY'S **MOTION IN LIMINE TO EXCLUDE PHOTOGRAPHS OF MRS. GAST'S BODY;** AND CERTIFICATE OF SERVICE<br><br>*Hearing*<br><br>*Date   :*   June 22, 2006<br>*Time  :*   9:00 a.m.<br>*Judge :*   David A. Ezra<br><br>*Trial  :*   August 15. 2006 |
| **SUNG KI KWAK,** DBA **SHIN JIN HAWAI`I TRAVEL & TOUR,** A HAWAI`I SOLE PROPRIETORSHIP; AND **CYNTHIA HATHAWAY,**<br><br>         THIRD-PARTY PLAINTIFFS, | |

vs.

**NORWEGIAN CRUISE LINES, INC.** AND **NATIONAL PARK SERVICE,**

    THIRD-PARTY DEFENDANTS

**NCL (BAHAMA) LIMITED**,

    COUNTERCLAIM PLAINTIFF,

vs.

**NATIONAL PARK SERVICE (USA)**,

    CROSS-CLAIM DEFENDANT

**NATIONAL PARK SERVICE (USA)**,

    COUNTERCLAIM PLAINTIFF,

vs.

**JOHN GAST**, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE **ESTATE OF JACQUELINE GAST** AND AS GUARDIAN AD LITEM FOR HIS MINOR CHILD, **AMANDA RENEE GAST**, AND **BROOKE ASHLEY GAST, SUNG KI KWAK**, DBA **SHIN JIN HAWAI`I TRAVEL & TOUR**, A HAWAI`I SOLE PROPRIETORSHIP; AND **CYNTHIA HATHAWAY**,

    COUNTERCLAIM DEFENDANTS.

**NATIONAL PARK SERVICE (USA),**

    CROSS-CLAIM PLAINTIFF,

vs.

**NCL (BAHAMA) LIMITED**,

    CROSS-CLAIM DEFENDANT.

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO**
DEFENDANTS AND THIRD-PARTY PLAINTIFFS **SUNG KI KWAK**, dba
SHIN JIN HAWAII TRAVEL & TOUR and CYNTHIA HATHAWAY'S
**MOTION IN LIMINE TO**
**EXCLUDE PHOTOGRAPHS OF MRS. GAST'S BODY**

This Court denied Plaintiffs' Motion for Summary Judgment on the issue of Mrs. Gast's comparative negligence. Defendants will argue that Mrs. Gast was responsible somehow for her own death and perhaps that she intentionally ended her life with some conscious, knowing act. Defendants will also contend that conscious and willing acts of Mrs. Gast exposed her to the risks and dangers associated with hot lava rocks. On the other hand, by this motion, Defendant now seeks to exclude key evidence which will bear directly on the debate as to what happened to Mrs. Gast, what caused her death, where she ended up and other issues that are unresolved by the factual discovery. This is not a case in which Plaintiffs are simply showing a photograph of a morgue picture to inflame the jury. The photographs of Mrs. Gast taken at the point she was found bear on important and essential issues. The pictures do not simply depict Mrs. Gast's body but it depicts the scene in which she was found and the circumstances of her death. The photographs also reveal vividly the following:

    1.    The topography and entire scene in which she was found
    2.    The condition and the positioning of her body at the point where she ultimately succumbed
    3.    The grasping of a cigarette in her hands
    4.    The extraordinary burns on her feet perhaps rendering her immobile

5. The lack of footwear
6. The clothing that she was wearing
7. The purse and pill containers at her side
8. The obvious heat which is reflected by the thermal burns she experienced by having her skin come in contact with the hot surface
9. The melting shoes in close proximity

All of these depictions of her body at the scene where she was found begin to paint a picture of the last moments of Mrs. Gast's life.  They are relevant evidence which Defendants perhaps would not like painted but certainly are relevant.  Experts have and will use the pictures to support their testimony and the parties will clearly make inferences from the photographs.  It is routine and appropriate that in cases involving alleged wrong doing whether it be criminal or civil cases that the consequences of the Defendants' wrongful act certainly be presented in an appropriate, understandable way to the jury.

I. **RULE 403. EXCLUSION OF RELEVANT EVIDENCE ON GROUNDS OF PREJUDICE, CONFUSION, OR WASTE OF TIME WOULD NOT EXCLUDE THE INSTANT PHOTOS BECAUSE OF THEIR PROBATIVE VALUE**

Under Rule 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

"'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee's Notes on Fed. Rule Evid. 403, 28 U.S.C.App., p. 860.

This has repeatedly been interpreted to mean that the evidence will be admitted if its value as <u>probative evidence</u> outweighs its possible <u>prejudicial effect</u>. This decision is left up to the discretion of the trial court. Even if the evidence is admittedly very gruesome, they will still be admitted if they serve an important evidentiary purpose.

If, however, the evidence does have a potential prejudicial effect, it must serve a useful non-duplicative purpose of other evidence to be admitted. <u>Bagley v. Grime</u>, 283 Ala. 688 (1969). "On objection, the court would decide whether a particular item of evidence raised a danger of unfair prejudice. If it did, the judge would go on to evaluate the degrees of probative value and unfair prejudice not only for the item in question but for any actually available substitutes as well. If an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial risk." <u>Old Chief v. U.S.</u>, 519 U.S. 172, 182-83 (1997).

In their motion, the Defendants argue that the photographs have low probative value because it is unknown whether the extensive burns occurred before or after her death. Additionally, the Defendants argue that the photographs have high prejudicial value because they are gruesome.

In the instant case, he photographs' probative value is not limited to showing her physical burns. It also includes the landscape, the position of the body, proof that the lava came quickly (cigarette), clothing, etc. See Thibodeau v Connecticut Co., 139 Conn 9 (1952) (holding that photographs of a child when he was struck by defendant's bus were gruesome but relevant for a few reasons including that they showed that he was wearing light-colored clothing).

Additionally, if applicable, courts willingly allow gruesome photographic evidence to show the extreme pain the deceased suffered. See Trailways, Inc. v. Clark, 794 S.W.2d 479 (Tex. App. Corpus Christi 1990), writ denied, (Dec. 31, 1990) (holding pictures showing extensive physical injuries were nevertheless relevant and admissible as evidence of decedents' physical pain and suffering before death); Kilgore v. People's Sav. & Loan Ass'n, 107 Or. App. 743, 814 P.2d 163 (1991) (holding trial court did not abuse its discretion when admitting photographs of decedent's burned body in wrongful death action arising out of house fire, even though decedent died of smoke inhalation rather than burning, where photographs showed that decedent had awakened and partially dressed

6

before being overcome by smoke inhalation and had not died in her sleep, and thus were relevant to issues of whether decedent suffered pain and emotional distress and extent of damages on that claim); <u>Drews v. Gobel Freight Lines, Inc.</u>, 197 Ill. App. 3d 1049, 145 Ill. Dec. 533, 557 N.E.2d 303 (1st Dist. 1990), judgment aff'd, 144 Ill. 2d 84, 161 Ill. Dec. 324, 578 N.E.2d 970 (1991) (holding in wrongful death action arising out of collision between tractor trailer and van, trial court did not abuse its discretion in admitting two morgue photographs of decedent as relevant to his pain and suffering, even though pathologist testified as to decedent's injuries; photographs are admissible if they have sufficient probative value, even though they may be gruesome or inflammatory).

**III.   THE CASES CITED BY DEFENDANT ARE SIMPLY NOT APPLICABLE TO THE INSTANT PHOTOGRAPHS WITH THEIR PROBATIVE VALUE**

Defendants have relied on many cases most of which have no applicability to the instant issue. Defendant cited <u>Old Chief v. U.S.</u>, 519 U.S. 172, 180 (1997). This holding is not only quite limited but applied to evidence of prior criminal records in a criminal trial unfairly prejudice the defendant and have very little probative value for the alleged crime at hand. Likewise Defendant cited to the Court, <u>U.S. v. Green</u>, 648 F.2d 587, 595 (9th Cir. 1981). This case is entirely inapplicable. It held that in a trial to convict defendants of conspiracy to obstruct justice, conspiracy to make false statements, and conspiracy to violate citizens'

civil rights, the prosecutor could not bring guns found in their home in as evidence entirely unrelated to the crime at hand. This is completely different than the case at hand because there was no probative value of the evidence at all but instead it was intended to "scare" the jury.

People v. Burns, 109 Ca.App.2d 524 (1952) is also easily distinguished. First, the pictures were after an autopsy had already been performed. The court held that the pictures were particularly grotesque because "The completely bald head, the surgical cuts and sutures, the ugly punctures, the inverted lips with the instruments attached, make the body so grotesque and horrible that it is doubtful if the average juror could be persuaded to look at the pictures while the witness pointed out the bruises and abrasions." The court barred the evidence because "In view of the fact that no question was raised as to these bruises and abrasions, and the fact that a view of them was of no particular value to the jury, it is obvious that the only purpose of exhibiting them was to inflame the jury's emotions against defendant." The court concluded that the very grotesque nature and the absolutely lack of need to show those photographs made them inadmissible.

Finally, Defendant cites Lovesky v. Carter, 70 Haw. 419 (1989) [note, this was incorrectly cited by the brief as 79 Haw.], a case that does not even remotely apply to the instant case. It involved videotape "reenactment" made to show the crime. The court found that it was completely different than the details of the

8

actual crime and thus had no probative value.  The details were altered in such a way that was prejudicial to the defendant.

## IV.   CONCLUSION

Because the numerous photos depict the scene, topography, clothing, position, grasping at cigarettes and because the photos are crucial evidence probative of many issues discussed above, there is no reason to believe that the Jury would not find them helpful or would be overly prejudiced by their examination.

DATED:  Honolulu, Hawai'i  June 13, 2006.

                                        /S/ Mark S. Davis
                              _____
                              MARK S. DAVIS
                              MICHAEL K. LIVINGSTON
                              Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **JOHN GAST**, Individually and as Special Administrator of the **ESTATE OF JACQUELINE GAST** and as Guardian Ad Litem for his minor child**, AMANDA RENEE GAST,** and **BROOKE ASHLEY GAST**<br><br>            Plaintiffs,<br><br>    vs.<br><br>**SUNG KI KWAK, dba SHIN JIN HAWAI`I TRAVEL & TOUR, a Hawai`i Sole Proprietorship; and CYNTHIA HATHAWAY**<br><br>            Defendants. | CIVIL NO. **04-00079 DAE-BMK** (Wrongful Death)<br><br>**CERTIFICATE OF SERVICE** |
| **SUNG KI KWAK, dba SHIN JIN HAWAI`I TRAVEL & TOUR, a Hawai`i Sole Proprietorship; and CYNTHIA HATHAWAY,**<br><br>            Third-Party Plaintiffs,<br><br>    vs.<br><br>**NORWEGIAN CRUISE LINES, INC. and NATIONAL PARK SERVICE,**<br><br>            Third-Party Defendants | |

**<u>CERTIFICATE OF SERVICE</u>**

    I HEREBY CERTIFY that a copy of the foregoing document was served

upon the following parties on June 13, 2006 by means indicated below.

            DENNIS O'CONNOR, ESQ.           [Electronic Filing]
            DENNIS O'CONNOR, JR., ESQ.

      **REINWALD O'CONNOR & PLAYDON LLP**
      Pacific Guardian Center
      2400 Makai Tower
      733 Bishop Street
      Honolulu, HI  96813
          Attorneys for Defendants and Third-Party Plaintiffs
          **SUNG KI KWAK,** dba **SHIN JIN HAWAIʻI TRAVEL & TOUR** and **CYNTHIA HATHAWAY**

      JEFFREY S. PORTNOY, ESQ.      [Hand Delivery]
      **CADES SCHUTTE, LLC**
      1200 Cades Schutte Building
      1000 Bishop Street
      Honolulu, HI  96813
          Attorney for Third-Party Defendant
          **NORWEGIAN CRUISE LINES, INC.**

      R. MICHAEL BURKE, ESQ.      [Electronic Filing]
      **OFFICE OF THE U. S. ATTORNEY**
      PJKK Federal Building
      300 Ala Moana Blvd., Room 6100
      Honolulu, HI  96850
          Attorney for Third-Party Defendant
          **NATIONAL PARK SERVICE**

      APRIL LURIA, ESQ.      [Electronic Filing]
      **ROECA LOUIE & HIRAOKA**
      900 Davies Pacific Center
      841 Bishop Street
      Honolulu, HI  96813
          Attorney for Defendant
          **AKAL SECURITY**

DATED:  Honolulu, Hawaiʻi  June 13, 2006

                                          /S/ Mark S. Davis
                                      _____
                                      MARK S. DAVIS
                                      MICHAEL K. LIVINGSTON
                                      Attorney for Plaintiffs