**ROECA, LOUIE & HIRAOKA**
A Limited Liability Law Partnership, LLP

APRIL LURIA        4687-0
*aluria@rlhlaw.com*
JODIE D. ROECA  3914-0
*jroeca@rlhlaw.com*
841 Bishop Street, Suite 900
Honolulu, Hawai#i 96813-3917
Telephone:  (808) 538-7500
Facsimile:   (808) 521-9648

Attorney for Defendant
Akal Security, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI#I

| | |
|---|---|
| JOHN GAST, Individually and as Special Administrator of the Estate of JACQUELINE GAST and as Guardian Ad Litem for his minor child, AMANDA RENEE GAST, and BROOKE ASHLEY GAST,<br><br>Plaintiffs,<br><br>vs.<br><br>SUNG KI KWAK, dba SHIN JIN HAWAI#I TRAVEL & TOUR, a Hawai#i Sole Proprietorship; CYNTHIA HATHAWAY, and AKAL SECURITY, INC., a New Mexico corporation,<br><br>Defendants. | CIVIL NO. 04-00079 DAE-BMK<br>(Wrongful Death)<br><br>AKAL SECURITY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE ANY REFERENCE TO MRS. GAST'S PRIOR HISTORY OF COCAINE ABUSE AND ALCOHOL USE, AS WELL AS THE NAMES AND CHARACTERISTICS OF THE PRESCRIPTION MEDICATIONS PRESCRIBED FOR HER AT THE TIME OF HER DEATH; CERTIFICATE OF SERVICE<br><br>Date:  June 22, 2006<br>Time: 9:00 a.m.<br>Judge: Judge David Allen Ezra<br><br>Trial: August 15, 2006 |

| | |
|---|---|
| SUNG KI KWAK, dba SHIN JIN HAWAI#I TRAVEL & TOUR, a Hawai#i Sole Proprietorship; CYNTHIA HATHAWAY, | ) ) ) ) ) |
|   Defendants and   Third-Party Plaintiffs, | ) ) ) |
|  vs. | ) ) |
| NORWEGIAN CRUISE LINES, INC. and NATIONAL PARK SERVICE, | ) ) ) |
|   Third-Party Defendants. | ) ) |

552-006/p.Opp P's MIL.Drugs.wpd

### AKAL SECURITY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE ANY REFERENCE TO MRS. GAST'S PRIOR HISTORY OF COCAINE ABUSE AND ALCOHOL USE, AS WELL AS THE NAMES AND CHARACTERISTICS OF THE PRESCRIPTION MEDICATIONS PRESCRIBED FOR HER AT THE TIME OF HER DEATH

Defendant Akal Security, Inc. ("Akal") opposes Plaintiffs' Motion in Limine No. 2 to Exclude any reference to Mrs. Gast's history of cocaine abuse and alcohol use, as well as the names and characteristics of the prescription medications prescribed for her at the time of her death. Plaintiffs' Motion should be denied because the evidence at issue is relevant and more probative than prejudicial.

"Relevant evidence" means evidence having any tendency to make the

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401.  All relevant evidence is admissible.  Fed. R. Evid. 402.  Evidence concerning Mrs. Gast's substance abuse and her involvement with prescription narcotics is particularly relevant to Plaintiffs' claims for emotional distress and to their claims of loss of consortium, love and affection.  Pertinent to this motion are certain allegations of Plaintiffs' First Amended Complaint filed March 24, 2005.  At paragraph 40, Plaintiffs claim that Plaintiff John Gast suffered severe and devastating emotional distress over the loss of his missing wife.  At Paragraph 43, Plaintiffs claim that John Gast lost "spousal consortium, love, and affection" and that the children of Jacqueline Gast lost "love, support, care and companionship of a mother".

      It is suspected that Plaintiffs will attempt to demonstrate their loss of spousal and maternal consortium by relating to the jury Jacqueline Gast's involvement in their lives, pleasurable activities shared with Jacqueline Gast, and remembrances of deeds Jacqueline Gast may have done for them.   Allowing Plaintiffs to present such evidence to the jury without also providing the jury with information about the negative aspects of Jacqueline Gast's personality and life would be prejudicial to Defendants.  Moreover, allowing Plaintiffs to sanitize the

facts in such a manner would mislead the jury as to Jacqueline Gast's true character. Both her prior substance abuse and her need for narcotic medications at the time of her death would necessarily have had an impact on the quantity and quality of involvement Jacqueline Gast had with her family and are clearly relevant facts which the jury should be allowed to consider in connection with any assessment of damages for emotional distress and loss of consortium.

      Plaintiffs claim that because the toxicology performed on Jacqueline Gast's body showed "no drugs in her blood at the time of her death", Jacqueline Gast's history of substance abuse is irrelevant. Clearly, the blood draw referred to by Plaintiffs does <u>not</u> demonstrate that she had no drugs in her blood at the time of death since the blood draw was not taken at the time of death but rather after Jacqueline Gast had already died. Consequently, the best that can be said about the blood taken from her body is that it is inconclusive. Moreover, there is evidence from Plaintiff John Gast as well as her physicians shortly before her death which demonstrate the extent of narcotics Jacqueline Gast consumed on a daily basis. This evidence is also relevant to any claim by the Estate that the Estate is entitled to compensation for loss of enjoyment of life. The measure of this item of damages requires the jury to consider not only those positive aspects of the decedent's life but also those negative aspects such as continual pain, requiring the

use of various narcotic medications.

Plaintiffs claim that evidence of Mrs. Gast's substance abuse should be precluded pursuant to Fed. R. Evid. 403 because it would be unfairly prejudicial. The evidence is not subject to exclusion under Rule 403 because Rule 403 requires courts to balance the probative value against the "danger of <u>unfair</u> prejudice." Fed. R. Evid. 403 (emphasis added). *See, e.g., Old Chief v. United States*, 519 U.S. 172, 193-194; *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003) ("Parties always introduce evidence that will do damage to the other side's case; that's the very point of a trial. That evidence may decimate an opponent's case is no ground for its exclusion under 403. The Rule excludes only evidence where the prejudice is "unfair" __ that is, based on something other than its persuasive weight."); *United States v. Munoz*, 36 F.3d 1229, 1233 (1st Cir. 1994) ("The damage done to the defense is not a basis for exclusion; the question under Rule 403 is 'one of 'unfair' prejudice -- not of prejudice alone") (citations omitted), *cert. denied sub nom. Martinez v. United States*, 513 U.S. 1179 (1995); *Dollar v. Long Mfg., N. C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) ("'[U]nfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'"), *cert. denied*, 435 U.S. 996 (1978). Evidence relating

to the unfortunate negative aspects of Jacqueline Gast's life is as relevant and probative as the positive aspects of her life to the jury's consideration of damages incurred by the Estate, husband and children of Jacqueline Gast. While it is certainly the case that the evidence is prejudicial, any embarrassment or humiliation Plaintiffs endure is not "unfair" within the meaning of Rule 403.

## Conclusion

For the foregoing reasons, Akal respectfully requests that the court deny Plaintiff's motion in limine to exclude evidence relating to Jacqueline Gast's cocaine and alcohol abuse and her use of prescription medications.

Dated: Honolulu, Hawai#i, June 13, 2006.

/s/ April Luria
APRIL LURIA
JODIE D. ROECA
Attorneys for Defendant
AKAL SECURITY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI#I

| | |
|---|---|
| JOHN GAST, Individually and as Special Administrator of the Estate of JACQUELINE GAST and as Guardian Ad Litem for his minor child, AMANDA RENEE GAST, and BROOKE ASHLEY GAST,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>SUNG KI KWAK, dba SHIN JIN HAWAI#I TRAVEL & TOUR, a Hawai#i Sole Proprietorship; CYNTHIA HATHAWAY, and AKAL SECURITY, INC., a New Mexico corporation,<br><br>　　　　　Defendants.<br>_____<br>SUNG KI KWAK, dba SHIN JIN HAWAI#I TRAVEL & TOUR, a Hawai#i Sole Proprietorship; CYNTHIA HATHAWAY,<br><br>　　　　Defendants and<br>　　　　Third-Party Plaintiffs,<br><br>　　vs.<br><br>NORWEGIAN CRUISE LINES, INC. and NATIONAL PARK SERVICE,<br><br>　　　　Third-Party Defendants.<br>_____ | CIVIL NO. 04-00079 DAE-BMK (Wrongful Death)<br><br>CERTIFICATE OF SERVICE<br><br><br><br>Trial: August 15, 2006 |

552-006\p.Opp P's MIL.Drugs.wpd

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly served by depositing the same in the United States Mail, postage prepaid [M], hand-delivery [HD], facsimile transmission [F] or electronically through CM/ECF [E] to the following at their last known address:

>MARK S. DAVIS, ESQ.                               [ E ]
>MICHAEL K. LIVINGSTON, ESQ.
>Davis Levin Livingston & Grande
>Davis Levin Livingston Grande Place
>851 Fort Street, Suite 400
>Honolulu, Hawaii 96813-4317
>mdavis@davislevin.com
>mlivingston@davislevin.com
>
>Attorney for Plaintiffs
>
>DENNIS E. W. O'CONNOR, ESQ.                      [ E ]
>DENNIS E. W. O'CONNOR, JR., ESQ.
>Reinwald O'Connor & Playdon LLP
>Pacific Guardian Center, Makai Tower
>733 Bishop Street, Suite 2400
>Honolulu, Hawaii  96813
>doj@roplaw.com
>
>Attorneys for Defendants
>Sung Ki Kwak, dba Shin Jin Hawaii Travel & Tour,
>Cynthia Hathaway

    JEFFREY S. PORTNOY, ESQ.    [ E ]
    NEILL T. TSENG, ESQ.
    Cades Schutte
    Cades Schutte Fleming & Wright Building
    1000 Bishop Street, 12th Floor
    Honolulu, Hawaii  96813-4216
    ntseng@cades.com

    Attorneys for Third-Party Defendant
    NCL (Bahama) Limited, incorrectly named as
     Norwegian Cruise Lines, Inc.

    EDWARD H. KUBO, JR., ESQ.    [ E ]
    R. MICHAEL BURKE, ESQ.
    Office of the U.S. Attorney
    Prince Kuhio Federal Building
    300 Ala Moana Boulevard, Room 6-100
    Honolulu, Hawaii  96850
    mike.burke@usdoj.gov

    Attorneys for Third-Party Defendant
    National Park Service

    DATED:  Honolulu, Hawaii, June 13, 2006.


                            /s/ April Luria
                            APRIL LURIA
                            JODIE D. ROECA
                            Attorneys for Defendant
                            Akal Security, Inc.