REINWALD O'CONNOR & PLAYDON LLP
A Limited Liability Law Partnership

DENNIS E.W. O'CONNOR        561
DENNIS E.W. O'CONNOR JR.    4084
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Telephone: 524-8350
Facsimile: 531-8628

Attorneys for Defendants and Third-Party
Plaintiffs SUNG KI KWAK, dba SHIN
JIN HAWAII TRAVEL & TOUR and
CYNTHIA HATHAWAY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN GAST, individually, and as Special Administrator of the Estate of JACQUELINE GAST, and as Guardian Ad Litem for his minor child, AMANDA RENEE GAST, and BROOKE ASHLEY GAST,<br><br>Plaintiffs,<br><br>vs.<br><br>SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY,<br><br>Defendants. | CIVIL NO. CV 04 00079 DAE BMK (Wrongful Death)<br><br>DEFENDANTS AND THIRD-PARTY PLAINTIFFS SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR AND CYNTHIA HATHAWAY'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 4 REGARDING THE MEDICAL CARE RECORDS AND TESTIMONY OF STEPHEN MAGRUDER FILED 5/30/06; CERTIFICATE OF SERVICE |

175733/04-54/DOJ

| | |
|---|---|
| SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY,<br><br>      Third-Party Plaintiffs,<br><br>v.<br><br>NORWEGIAN CRUISE LINES, INC. and NATIONAL PARK SERVICE,<br><br>      Third-Party Defendants. | Date:  June 22, 2006<br>Time:  9:00 a.m.<br>Judge: David Alan Ezra<br><br><br>Trial:  August 15, 2006<br>Judge: David Alan Ezra |

DEFENDANTS AND THIRD-PARTY PLAINTIFFS SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR AND CYNTHIA HATHAWAY'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 4 REGARDING THE MEDICAL CARE RECORDS AND TESTIMONY OF STEPHEN MAGRUDER FILED 5/30/06

## I. BACKGROUND

Plaintiffs assert that the records of psychiatric social worker Stephen Magruder are privileged under Jaffe v. Redmond, 518 U.S. 1, 9 (1996), that this privilege is not qualified in any way, and the records and testimony of Mrs. Gast's treatment by Stephen Magruder, licensed psychiatric social worker, should be excluded for this reason. In the Jaffe case, plaintiffs were the estate and survivors of a man shot by a police officer claiming civil rights violations under 42 U.S.C. 1983. Plaintiffs attempted to secure the records of defendant's treatment by a

psychiatric social worker after the shooting. The Court ruled that under Federal Rules of Evidence 501 based on "common law principles" there was a privilege for psychiatric social workers. The Court, however, did not address the issue of what happens to said privilege when plaintiff brings a claim asserting injuries and damages.

Applicability of a psychiatric social worker privilege is something that should be decided under state law. Rule 501 of the Federal Rules of Evidence provides that:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, state or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which state law applies the rules of decision, the privilege of a witness, person, government, state, political subdivision thereof <u>shall</u> be determined in accordance with state law.

In enacting the Federal Torts Claim Act, Congress provided for the use of state substantive law. The policy was to hold the United States liable to the same extent a private person would be held liable. <u>U.S. v. Margarita's Mexican Restaurant, Inc.</u>, 138 F.R.D. 566, 569 (W. D. Mo. 1991). In determining whether there is a medical privilege and/or waiver of the privilege by Plaintiffs, the federal courts are bound by "… not only statutory provisions, but any provisions

3

governing the waiver of the privilege as would be applied by the state courts." Schuler v. U.S., 113 F.R.D. 518, 520 (W. D. Mich. 1986).

Clearly, under Hawaii law, there is no privilege for psychiatric social workers. Hawaii Rules of Evidence Rule 504.1 provides a privilege only as to treatment by a licensed psychologist. The rules specifically limits the privilege to communications between a client and a psychologist licensed under provisions of Hawaii Revised Statutes Chapter 465. See Commentary, Hawaii Rules of Evidence Rule 504.1.

## II. PLAINTIFFS HAVE WAIVED ANY PRIVILEGE TO STEPHEN MAGRUDER'S TESTIMONY AND/OR RECORDS

Pursuant to Hawaii Rules of Evidence 504(d)(3), "... there is no privilege under this rule as to communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which he relies upon the condition as an element of his claim or defense, or, after the patient's death, in any proceeding in which any party relies upon the condition as an element of his claim or defense." The proposed Federal Rules of Evidence, Rule 504.1(d)(3) states virtually the sames language.

In Jaffe v. Redmond, 518 U.S. 1, 15 (1996), the Supreme Court stated that "the reasons for recognizing the privilege for treatment by psychiatrists apply with equal force to treatment by ... clinical social workers." Id. The U.S. Supreme

Court noted that the psychotherapists-patient privilege could be waived, but did not discuss exactly what would constitute a waiver in Jaffe. Id. at 15, n. 14.

Clearly in the present case, the excepteions contained in both the Federal Rules of Evidence and the Hawaii Rules of Evidence stating that "... after the patient's death, in any proceeding in which any party relies upon the condition as an element of his claim or defense" controls in this action. Clearly, Mrs. Gast has passed away and clearly Defendants are bringing a claim that the cause of her death was suicide as a direct result of her mental state. As such, under both the Federal Rules of Evidence and the Hawaii Rules of Evidence, there is an exception to the privilege based upon the fact that Mrs. Gast is dead and her mental and emotional condition are not only a basis of the claim by Plaintiffs but also basis of a claim by Defendants.

### III. CONCLUSION

For the reasons given above, the motion should be denied.

DATED: Honolulu, Hawaii, June 14, 2006.

_____
DENNIS E. W. O'CONNOR
DENNIS E. W. O'CONNOR JR.
Attorneys for Defendants and Third-Party
Plaintiffs SUNG KI KWAK, dba SHIN JIN
HAWAII TRAVEL & TOUR and
CYNTHIA HATHAWAY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN GAST, Individually, and as Special Administrator of the Estate of JACQUELINE GAST, and as Guardian Ad Litem for his minor child, AMANDA RENEE GAST, and BROOKE ASHLEY GAST,<br><br>Plaintiffs,<br><br>vs.<br><br>SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY, and AKAL SECURITY, INC., a New Mexico corporation,<br><br>Defendants. | CIVIL NO. CV04-00079 DAE/BMK (Wrongful Death)<br><br>CERTIFICATE OF SERVICE |
| SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; and CYNTHIA HATHAWAY,<br><br>Third-Party Plaintiffs,<br><br>vs.<br><br>NORWEGIAN CRUISE LINES, INC. and NATIONAL PARK SERVICE,<br><br>Third-Party Defendants. | |

143879/04-54/DOJ

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was duly served upon the following party at their last known address by the means indicated on the date shown below.

|  | **Electronic Filing** | **Delivered** |
|---|---|---|
| MARK S. DAVIS, ESQ.<br>MICHAEL K. LIVINGSTON, ESQ.<br>400 Davis Levin Livingston Grande Place<br>851 Fort Street<br>Honolulu, HI 96813<br>Attorneys for Plaintiffs | √ | |
| R. MICHAEL BURKE, ESQ.<br>Office of the U.S. Attorney<br>PJKK Federal Building<br>300 Ala Moana Boulevard, Room 6100<br>Honolulu, HI 96850<br>Attorney for Third-Party Defendant<br>NATIONAL PARK SERVICE | √ | |
| JEFFREY S. PORTNOY, ESQ.<br>NEILL T. TSENG, ESQ.<br>1000 Bishop Street, Suite 1200<br>Honolulu, HI 96813-4216<br>Attorneys for Third-Party Defendant<br>NCL (BAHAMA LIMITED) incorrectly<br>named herein as NORWEGIAN CRUISE<br>LINES, INC. | √ | |

|  | **Electronic Filing** | **Delivered** |
|---|---|---|
| APRIL LURIA, ESQ.<br>JODIE D. ROECA, ESQ.<br>841 Bishop Street, Suite 900<br>Honolulu, Hawaii 96813<br>Attorneys for Defendant<br>AKAL SECURITY, INC. | √ |  |

DATED: Honolulu, Hawaii, June 14, 2006.

*/s/ Dennis E.W. O'Connor*

DENNIS E.W. O'CONNOR
DENNIS E.W. O'CONNOR JR.
Attorneys for Defendants

3