REINWALD O'CONNOR & PLAYDON LLP
A Limited Liability Law Partnership

DENNIS E.W. O'CONNOR          561
DENNIS E.W. O'CONNOR JR.    4084
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Telephone: 524-8350
Facsimile: 531-8628

Attorneys for Defendants and Third-Party
Plaintiffs SUNG KI KWAK, dba SHIN
JIN HAWAII TRAVEL & TOUR and
CYNTHIA HATHAWAY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN GAST, individually, and as Special Administrator of the Estate of JACQUELINE GAST, and as Guardian Ad Litem for his minor child, AMANDA RENEE GAST, and BROOKE ASHLEY GAST,<br><br>Plaintiffs,<br><br>vs.<br><br>SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY,<br><br>Defendants. | CIVIL NO. CV 04 00079 DAE BMK (Wrongful Death)<br><br>DEFENDANTS AND THIRD-PARTY PLAINTIFFS SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR AND CYNTHIA HATHAWAY'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE PHOTOGRAPHS OF MRS. GAST'S BODY FILED 5/30/06; CERTIFICATE OF SERVICE<br><br>Date:   June 22, 2006<br>Time:  11:00 a.m.<br>Judge: David E. Ezra |

175735/04-54/DOJ

SUNG KI KWAK, dba SHIN JIN
HAWAII TRAVEL & TOUR, a
Hawaii Sole Proprietorship;
CYNTHIA HATHAWAY,

      Third-Party Plaintiffs,

v.

NORWEGIAN CRUISE LINES,
INC. and NATIONAL PARK
SERVICE,

      Third-Party Defendants.

DEFENDANTS AND THIRD-PARTY PLAINTIFFS SUNG KI KWAK, dba
SHIN JIN HAWAII TRAVEL & TOUR AND CYNTHIA HATHAWAY'S
REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE
TO EXCLUDE PHOTOGRAPHS OF MRS. GAST'S BODY FILED 5/30/06

I.  BACKGROUND

Plaintiffs stated in their Motion in Limine to Exclude Reference to Suicide With Regard to the Death of Mrs. Gast: "There is no direct evidence concerning why Mrs. Gast did not return to the van at the agreed upon time (11 a.m.). There is no direct evidence of where Mrs. Gast was when the tour group was prepared to leave. There is no evidence sufficient to establish how or when she arrived at the area where her body was found. There is no direct circumstantial evidence that explain what happened between the time Mrs. Gast left the parking

area and the time her body was found." See Plaintiffs' Motion to Exclude Reference to Suicide With Regard to the Death of Mrs. Gast filed on May 30, 2006 at p. 3.

Mrs. Gast's body was found early in the morning of October 15, 2002. While recovering the body, park rangers took several photographs of the body and the area where it was found. Rangers also took photographs of the area after removal of the body with yellow markers to show where it was. Detailed descriptions exist concerning the position of the body and depositions were taken of the park rangers and may have provided detail concerning where the body was found and how it was found including the relative placement of her purse, cigarettes, cigarette in hand, and sandals. Indeed, there are photographs of certain of these items without Mrs. Gast's body in the photograph. In short, there is a plethora of evidence concerning where and how the body was found, including photographs that <u>do</u> <u>not</u> show Mrs. Gast's body. The photographs Defendants request be excluded are those of the body.

Plaintiffs, in opposing the motion, claim that the pictures "... paint a picture of the last moments of Mrs. Gast's life." Plaintiffs go on to state that the photographs show the condition of her body, as well as burns on her feet, which perhaps rendered her immobile. Plaintiffs in particular note that the body had thermal burning and that the photographs show the extreme pain and suffering of

3

Plaintiff in this regard. Plaintiffs cite to cases from Alabama, Connecticut, and Oregon that have allowed photographs to be admitted into evidence in the cases of accident and burn victims.

However, these cases do not concern the situation here where a body was cooked by a lava flow, and the cases do not follow Hawaii law. In Hawaii, the established rule is that plaintiff estate must prove the existence of conscious pain and suffering in order to recover pain and suffering damages. Ferreira v. General Motors Corp., 4 Haw. App. 12 (1983); Brown v. Clark Equipment, 62 Haw. 530, 537 (1980); Rohlfing v. Moses Akiona, Ltd., 45 Haw. 373 (1961).

The rule in Hawaii is that damages, proximately resulting from a tort, must be established with a reasonable certainty. Tanuvasa v. Honolulu, 2 Haw. App. 102, 115 (1981).

Plaintiffs cannot show evidence that Mrs. Gast suffered conscious pain and suffering. Clearly, Mrs. Gast's body was found on an active lava flow and her body suffered severe thermal burning. However, Plaintiffs are unable to provide the proper foundation to show that the thermal burning shown in the photographs, including the burns sustained on her body and her feet, occurred at a time when Mrs. Gast was conscious <u>and</u> that she was conscious of the effects of those burns.

Since Plaintiffs cannot connect up the thermal burning in the photographs to conscious pain and suffering of Mrs. Gast, the use of the photographs will create unfair prejudice and mislead the jury. Plaintiffs are trying to argue that the extreme thermal burning caused by the lava equates to conscious pain and suffering by Mrs. Gast. There is no evidence to show this is so. Such use of the photographs by Plaintiffs is an improper use and should not be allowed by the Court under Rule 403 of the Federal Rules of Evidence. Rule 403 clearly allows for the Court to exclude evidence that would be misleading or cause jury confusion. In Air Crash Disaster, 635 F.2d 67 (2d Cir. 1980), a chart showing slide slope of the plane before it crashed was properly excluded because the time shown on the chart did not match the times in evidence. Further, evidence which lures the trier of fact to decide on an improper, emotional basis is unfairly prejudicial. Old Chief v. U.S., 519 U.S. 172, 180 (1997). This rational has been used by other courts to exclude particularly gruesome photographs. Thomas v. Tate Const., 415 F. Supp. 566 (D.C. S.C. 1979).

In the present case, there is no showing that the photographs depict the body in a state that is similar to the time of death or the time leading up to death. In fact, Plaintiffs cannot prove when or how death occurred. The pictures show the results of exposure to extremely high heat over time, and cannot be

shown to depict relevant evidence concerning liability, causation or damages. As such, the photos should be excluded.

Further, the photographs taken of Mrs. Gast's body during the autopsy by Ranger Judd also show thermal damage to the body that cannot be connected to liability and/or conscious pain and suffering of Mrs. Gast. These photos should be excluded.

Finally, whether or not experts may use the information under Rule 702 does not impact the admissibility of the information. Clearly, under Rule 702, an expert may use information that is not in evidence.

II.  CONCLUSION

For the above reasons, the above motion should be granted and the photographs taken by the rangers of Mrs. Gast's body, both at the scene, during transportation, and during autopsy, should be excluded from evidence.

DATED: Honolulu, Hawaii, June 19, 2006.

_____
DENNIS E. W. O'CONNOR
DENNIS E. W. O'CONNOR JR.
Attorneys for Defendants and Third-Party
Plaintiffs SUNG KI KWAK, dba SHIN JIN
HAWAII TRAVEL & TOUR and
CYNTHIA HATHAWAY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN GAST, Individually, and as Special Administrator of the Estate of JACQUELINE GAST, and as Guardian Ad Litem for his minor child, AMANDA RENEE GAST, and BROOKE ASHLEY GAST,<br><br>        Plaintiffs,<br><br>    vs.<br><br>SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY, and AKAL SECURITY, INC., a New Mexico corporation,<br><br>        Defendants. | CIVIL NO. CV04-00079 DAE/BMK (Wrongful Death)<br><br>CERTIFICATE OF SERVICE |
| SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; and CYNTHIA HATHAWAY,<br><br>        Third-Party Plaintiffs,<br><br>    vs.<br><br>NORWEGIAN CRUISE LINES, INC. and NATIONAL PARK SERVICE,<br><br>        Third-Party Defendants. | |

143879/04-54/DOJ

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was duly served upon the following party at their last known address by the means indicated on the date shown below.

|  | **Electronic Filing** | **Delivered** |
|---|---|---|
| MARK S. DAVIS, ESQ.<br>MICHAEL K. LIVINGSTON, ESQ.<br>400 Davis Levin Livingston Grande Place<br>851 Fort Street<br>Honolulu, HI 96813<br>Attorneys for Plaintiffs | √ |  |
| R. MICHAEL BURKE, ESQ.<br>Office of the U.S. Attorney<br>PJKK Federal Building<br>300 Ala Moana Boulevard, Room 6100<br>Honolulu, HI 96850<br>Attorney for Third-Party Defendant<br>NATIONAL PARK SERVICE | √ |  |
| JEFFREY S. PORTNOY, ESQ.<br>NEILL T. TSENG, ESQ.<br>1000 Bishop Street, Suite 1200<br>Honolulu, HI 96813-4216<br>Attorneys for Third-Party Defendant<br>NCL (BAHAMA LIMITED) incorrectly named herein as NORWEGIAN CRUISE LINES, INC. | √ |  |

|  | **Electronic Filing** | **Delivered** |
|---|---|---|
| APRIL LURIA, ESQ.<br>JODIE D. ROECA, ESQ.<br>841 Bishop Street, Suite 900<br>Honolulu, Hawaii 96813<br>Attorneys for Defendant<br>AKAL SECURITY, INC. | √ |  |

DATED: Honolulu, Hawaii, June 19, 2006.

/s/ Dennis E.W. O'Connor
DENNIS E.W. O'CONNOR
DENNIS E.W. O'CONNOR JR.
Attorneys for Defendants