OF COUNSEL:

DAVIS LEVIN LIVINGSTON GRANDE

MARK S. DAVIS      1442-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawai'i  96813
Telephone:  (808) 524-7500
Fax:  (808) 356-0418
Email:  mdavis@davislevin.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **JOHN GAST,** INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE **ESTATE OF JACQUELINE GAST** AND AS GUARDIAN AD LITEM FOR HIS MINOR CHILD, **AMANDA RENEE GAST,** AND **BROOKE ASHLEY GAST**<br><br>PLAINTIFFS,<br><br>vs.<br><br>**SUNG KI KWAK,** DBA **SHIN JIN HAWAI`I TRAVEL & TOUR,** A HAWAI`I SOLE PROPRIETORSHIP; AND **CYNTHIA HATHAWAY,** AND **AKAL SECURITY, INC.,** A NEW MEXICO CORPORATION,<br><br>DEFENDANTS.<br><br>**SUNG KI KWAK,** DBA **SHIN JIN** | CIVIL NO. **04-00079 DAE-BMK** (WRONGFUL DEATH)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 2**<br><br>**TO EXCLUDE ANY REFERENCE TO MRS. GAST'S PRIOR HISTORY OF COCAINE ABUSE AND ALCOHOL USE, AS WELL AS THE SPECIFIC NAMES AND CHARACTERISITICS OF THE PRESCRIPTION MEDICATIONS PRESCRIBED FOR HER AT THE TIME OF HER DEATH; AND CERTIFICATE OF SERVICE**<br><br>*Hearing*<br><br>*Date :*   **June 22, 2006**<br>*Time :*   *10:00 a.m.*<br>*Judge :*   *David A. Ezra*<br><br>TRIAL:    AUGUST 15, 2006 |

**HAWAI`I TRAVEL & TOUR,** A HAWAI`I SOLE PROPRIETORSHIP; AND **CYNTHIA HATHAWAY,**

 THIRD-PARTY PLAINTIFFS,

vs.

**NORWEGIAN CRUISE LINES, INC.** AND **NATIONAL PARK SERVICE,**

 THIRD-PARTY DEFENDANTS

---

**NCL (BAHAMA) LIMITED,**

 COUNTERCLAIM PLAINTIFF,

vs.

**NATIONAL PARK SERVICE (USA),**

 CROSS-CLAIM DEFENDANT

---

**NATIONAL PARK SERVICE (USA),**

 COUNTERCLAIM PLAINTIFF,

vs.

**JOHN GAST**, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE **ESTATE OF JACQUELINE GAST** AND AS GUARDIAN AD LITEM FOR HIS MINOR CHILD, **AMANDA RENEE GAST,** AND **BROOKE ASHLEY GAST, SUNG KI KWAK**, DBA **SHIN JIN HAWAI`I TRAVEL & TOUR**, A

2

| |
|---|
| HAWAI`I SOLE PROPRIETORSHIP; AND **CYNTHIA HATHAWAY**, |
| COUNTERCLAIM DEFENDANTS. |
| **NATIONAL PARK SERVICE (USA)**, |
| CROSS-CLAIM PLAINTIFF, |
| vs. |
| **NCL (BAHAMA) LIMITED**, |
| CROSS-CLAIM DEFENDANT. |

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION IN LIMINE NO. 2**

**TO EXCLUDE ANY REFERENCE TO MRS. GAST'S
PRIOR HISTORY OF COCAINE ABUSE AND
ALCOHOL USE, AS WELL AS THE SPECIFIC NAMES AND
CHARACTERISITICS OF THE PRESCRIPTION MEDICATIONS
PRESCRIBED FOR HER AT THE TIME OF HER DEATH**

From a review of the Defendants' memorandum in opposition to the motion in limine it is unclear precisely what evidence Defendants intend to introduce or why this evidence is relevant to any issues in this case. Therefore in a vacuum, Plaintiffs reply to information it believes Defendants seeks to introduce.

In approximately 1995 Ms. Gast had an addiction problem with cocaine and alcohol. She was admitted to rehab, discharged, and apparently was able to put the problem behind her years prior to her death. Again this is a wrongful death action; it is not a personal injury claim in which the future condition of the Plaintiff may

3

be impacted by prior psychiatric or addiction issues. Therefore, it is certainly not relevant to the actual Plaintiffs' claims of the loss of a wife and mother. Each of those issues arise out of the loss suffered by the Plaintiffs. Defendants simply assert without any logical connection that the Plaintiffs' claim for emotional distress is somehow impacted by Ms. Gast's prior addiction to cocaine and alcohol eleven years ago. Of course the real rationale of the Defendants is to simply throw dirt on Ms. Gast and perhaps the jury might not like her. This is exactly the type of evidence that compels disclosure in a manner that is totally irrational and unrelated to the issues of the case.

    The only explanation Defendants have asserted is that somehow the Plaintiffs' loss of their mother and wife is less or different as determined by Ms. Gast's other issues and difficulties. It is not an appropriate connection; there has been no showing in depositions or otherwise that the loss has been in any way impacted by problems occurring years earlier and in the absence of the Defendants being able to connect on any evidentiary base, they should not just simply be allowed to raise every negative issue in Ms. Gast's background to somehow minimize the loss to her daughters and to her husband.

    Defendants believe that somehow the person that suffered medical or addiction problems that she ultimately triumphed over somehow makes the loss to

4

loved ones different, less. It is an evidentiary connection which has no basis and they will be unable to lay any appropriate foundation in this testimony.

Prescription drugs for which she was prescribed should be allowed. Defendants have also come up with a unique strategy to further introduce irrelevant testimony. They have scheduled a pharmacist to go over the list of medications that had been prescribed or for which she had sought prescription for and describe all of the difficult side effects, regardless of how remote, listed in the medical literature with regard to each drug. At the time Ms. Gast was on anti-depressant medication, sleep medications, and a variety of vitamins and supplements. She also had a significant chronic back problem for which she had a prescription periodically of certain painkillers that she would take as needed. Defendants' strategy is to simply make Ms. Gast appear as having been victimized by the side effects of these medications in the complete absence of any evidence that (a) she had suffered any side effects from the medications at the time of her death or (b) that she even had taken the medication. Plaintiffs concede there is no evidence that any of the medications which she was about to take was reflected on a narcotics drug screen. It appeared that she was completely free of any of the medications which are the subject of this motion. Their response was that even though she tested negative it simply may not have registered correctly.

As Defendants read off all of the horrible side effects that sometimes are reported to occur with the drugs, it would sound like she was in much greater danger from the drugs than she was by having been abandoned at Volcano National Park by herself.  Because Defendants cannot prove that any of the medications for which they are offering testimony as to side effects were even taken by Ms. Gast or that any of the side effects were suffered by Ms. Gast, the testimony about all the potential side effects regardless of how remote should be excluded as completely irrelevant and lacking the appropriate foundation.

DATED:  Honolulu, Hawai'i  June 20, 2006.

                                                               /s/ Mark S. Davis
                                             _____
                                             MARK S. DAVIS
                                             MICHAEL K. LIVINGSTON
                                             Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **JOHN GAST**, Individually and as Special Administrator of the **ESTATE OF JACQUELINE GAST** and as Guardian Ad Litem for his minor child**, AMANDA RENEE GAST,** and **BROOKE ASHLEY GAST**<br><br>          Plaintiffs,<br><br>     vs.<br><br>**SUNG KI KWAK, dba SHIN JIN HAWAI`I TRAVEL & TOUR, a Hawai`i Sole Proprietorship; and CYNTHIA HATHAWAY**<br><br>          Defendants. | CIVIL NO. **04-00079 DAE-BMK**<br>(Wrongful Death)<br><br>**CERTIFICATE OF SERVICE** |
| **SUNG KI KWAK, dba SHIN JIN HAWAI`I TRAVEL & TOUR, a Hawai`i Sole Proprietorship; and CYNTHIA HATHAWAY,**<br><br>          Third-Party Plaintiffs,<br><br>     vs.<br><br>**NORWEGIAN CRUISE LINES, INC. and NATIONAL PARK SERVICE,**<br><br>          Third-Party Defendants | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document was served upon the following parties on June 20, 2006 by means indicated below.

    DENNIS O'CONNOR, ESQ.         [Electronic Filing]
    DENNIS O'CONNOR, JR., ESQ.

 **REINWALD O'CONNOR & PLAYDON LLP**
 Pacific Guardian Center
 2400 Makai Tower
 733 Bishop Street
 Honolulu, HI  96813
  Attorneys for Defendants and Third-Party Plaintiffs
  **SUNG KI KWAK,** dba **SHIN JIN HAWAIʻI TRAVEL & TOUR** and **CYNTHIA HATHAWAY**

 JEFFREY S. PORTNOY, ESQ.  [Electronic Filing]
 NEILL TSENG, ESQ.
 **CADES SCHUTTE, LLC**
 1200 Cades Schutte Building
 1000 Bishop Street
 Honolulu, HI  96813
  Attorney for Third-Party Defendant
  **NORWEGIAN CRUISE LINES, INC.**

 R. MICHAEL BURKE, ESQ.  [Electronic Filing]
 **OFFICE OF THE U. S. ATTORNEY**
 PJKK Federal Building
 300 Ala Moana Blvd., Room 6100
 Honolulu, HI  96850
  Attorney for Third-Party Defendant
  **NATIONAL PARK SERVICE**

 APRIL LURIA, ESQ.  [Electronic Filing]
 **ROECA LOUIE & HIRAOKA**
 900 Davies Pacific Center
 841 Bishop Street
 Honolulu, HI  96813
  Attorney for Defendant
  **AKAL SECURITY**

DATED:  Honolulu, Hawaiʻi  June 20, 2006

      /s/ Mark S. Davis
     _____
     MARK S. DAVIS
     MICHAEL K. LIVINGSTON
     Attorney for Plaintiff