OF COUNSEL:

DAVIS LEVIN LIVINGSTON GRANDE

MARK S. DAVIS      1442-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawai'i  96813
Telephone:  (808) 524-7500
Fax:  (808) 356-0418
Email:  mdavis@davislevin.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **JOHN GAST,** INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE **ESTATE OF JACQUELINE GAST** AND AS GUARDIAN AD LITEM FOR HIS MINOR CHILD**, AMANDA RENEE GAST,** AND **BROOKE ASHLEY GAST**<br><br>PLAINTIFFS,<br><br>vs.<br><br>**SUNG KI KWAK,** DBA **SHIN JIN HAWAI`I TRAVEL & TOUR,** A HAWAI`I SOLE PROPRIETORSHIP; AND **CYNTHIA HATHAWAY,** AND **AKAL SECURITY, INC.,** A NEW MEXICO CORPORATION,<br><br>DEFENDANTS. | CIVIL NO. **04-00079 DAE-BMK** (WRONGFUL DEATH)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 4**<br><br>**REGARDING THE MEDICAL CARE RECORDS AND TESTIMONY OF STEPHEN MAGRUDER; AND CERTIFICATE OF SERVICE**<br><br>*Hearing*<br><br> *Date :*   *June 22, 2006*<br> *Time :*   *10:00 a.m.*<br> *Judge:*   *David A. Ezra*<br><br> *TRIAL:*   *AUGUST 15, 2006* |

**SUNG KI KWAK,** DBA **SHIN JIN HAWAI`I TRAVEL & TOUR,** A HAWAI`I SOLE PROPRIETORSHIP; AND **CYNTHIA HATHAWAY,**

    THIRD-PARTY PLAINTIFFS,

  VS.

**NORWEGIAN CRUISE LINES, INC.** AND **NATIONAL PARK SERVICE,**

    THIRD-PARTY DEFENDANTS

**NCL (BAHAMA) LIMITED**,

    COUNTERCLAIM PLAINTIFF,

  VS.

**NATIONAL PARK SERVICE (USA),**

    CROSS-CLAIM DEFENDANT

**NATIONAL PARK SERVICE (USA),**

    COUNTERCLAIM PLAINTIFF,

  VS.

**JOHN GAST**, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE **ESTATE OF JACQUELINE GAST** AND AS GUARDIAN AD LITEM FOR HIS MINOR CHILD, **AMANDA RENEE GAST**, AND **BROOKE ASHLEY GAST, SUNG KI KWAK**, DBA **SHIN**

2

| |
|---|
| **JIN HAWAI`I TRAVEL & TOUR**, A HAWAI`I SOLE PROPRIETORSHIP; AND **CYNTHIA HATHAWAY**, |
| COUNTERCLAIM DEFENDANTS. |
| **NATIONAL PARK SERVICE (USA)**, |
| CROSS-CLAIM PLAINTIFF, |
| vs. |
| **NCL (BAHAMA) LIMITED**, |
| CROSS-CLAIM DEFENDANT. |

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 4

### REGARDING THE MEDICAL CARE RECORDS AND TESTIMONY OF STEPHEN MAGRUDER

Defendants have failed to even respond to Plaintiff's motion that the testimony is stale and out of date and completely irrelevant to issues before the court. Defendants have ignored altogether the heart of the Plaintiff's motion in limine which is that the McGruder records, which discussed drug addiction and a variety of matters going back to the mid-90s, are completely irrelevant as to any issues in this case. Accordingly, the evidence should be excluded under the Federal Rules of Evidence 402.

The argument is even more compelling in light of the witness' declaration that "at the time of her death he had no information whatsoever about her personal

circumstances for two and a half years preceding her death" (see Exhibit 1 attached to the original motion).   This is a wrongful death action, not a personal injury action in which the Plaintiffs' future suffering may be compromised by psychiatric disorders.  Whether she had been addicted to cocaine or had psychiatric problems years preceding her death are completely irrelevant to any issue that the jury must decide.  Each of the three Plaintiffs, the husband and two daughters, are entitled to recover for their loss of consortium, emotional distresses as outlined specifically in the complaint.  Ms. Gast likewise is entitled to recover for the emotional distress and suffering experienced in the process of her death.  Although Defendants have come up with some type of contorted argument that her psychiatric state years earlier somehow relates to the circumstances by which she was lost and died, they simply have no evidentiary foundation for submitting this information.

   The records simply provide no information with regard to her mental or psychological condition at or near the time of her death.  In fact, the records and treatment stopped two and a half years before her death.  What is clear is that there is some inflammatory information in the records, including information about her prior addiction to cocaine, for which she was admitted to rehab and later resumed her life addiction free.  Additionally, there are references to her possible molestation as a child and other emotional interactions which she shared during a difficult period of her time.

Instead of identifying specifically what evidence is going to be presented and explaining why it is relevant, Defendants have simply elected to ignore altogether the fact that the Plaintiffs' argument is one of relevance. Accordingly, this evidence should be completely excluded.

Alternatively, if the court is going to allow any of the evidence and recognizing that so much of this material may be out of date and completely irrelevant and very prejudicial, at the very least Defendants should provide an advance offer of proof with regard to any item of evidence they propose and an opportunity to explain why it is relevant under the conventional standards of Federal Rule 402. By providing this advance information, Plaintiffs at least will be able to challenge the issue outside of the hearing of the jury.

DATED: Honolulu, Hawai'i  June 20, 2006.


                                                         /s/ Mark S. Davis
                                      _____
                                      MARK S. DAVIS
                                      MICHAEL K. LIVINGSTON
                                      Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **JOHN GAST**, Individually and as Special Administrator of the **ESTATE OF JACQUELINE GAST** and as Guardian Ad Litem for his minor child, **AMANDA RENEE GAST,** and **BROOKE ASHLEY GAST**<br><br>        Plaintiffs,<br><br>    vs.<br><br>**SUNG KI KWAK, dba SHIN JIN HAWAI`I TRAVEL & TOUR, a Hawai`i Sole Proprietorship; and CYNTHIA HATHAWAY**<br><br>        Defendants. | CIVIL NO. **04-00079 DAE-BMK**<br>(Wrongful Death)<br><br>**CERTIFICATE OF SERVICE** |
| **SUNG KI KWAK, dba SHIN JIN HAWAI`I TRAVEL & TOUR, a Hawai`i Sole Proprietorship; and CYNTHIA HATHAWAY,**<br><br>        Third-Party Plaintiffs,<br><br>    vs.<br><br>**NORWEGIAN CRUISE LINES, INC. and NATIONAL PARK SERVICE,**<br><br>        Third-Party Defendants | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document was served upon the following parties on June 20, 2006 by means indicated below.

    DENNIS O'CONNOR, ESQ.  [Electronic Filing]
    DENNIS O'CONNOR, JR., ESQ.

>**REINWALD O'CONNOR & PLAYDON LLP**
>Pacific Guardian Center
>2400 Makai Tower
>733 Bishop Street
>Honolulu, HI  96813
>>Attorneys for Defendants and Third-Party Plaintiffs
>>**SUNG KI KWAK,** dba **SHIN JIN HAWAIʻI TRAVEL & TOUR** and **CYNTHIA HATHAWAY**
>
>JEFFREY S. PORTNOY, ESQ.         [Electronic Filing]
>NEILL TSENG, ESQ.
>**CADES SCHUTTE, LLC**
>1200 Cades Schutte Building
>1000 Bishop Street
>Honolulu, HI  96813
>>Attorney for Third-Party Defendant
>>**NORWEGIAN CRUISE LINES, INC.**
>
>R. MICHAEL BURKE, ESQ.         [Electronic Filing]
>**OFFICE OF THE U. S. ATTORNEY**
>PJKK Federal Building
>300 Ala Moana Blvd., Room 6100
>Honolulu, HI  96850
>>Attorney for Third-Party Defendant
>>**NATIONAL PARK SERVICE**
>
>APRIL LURIA, ESQ.         [Electronic Filing]
>**ROECA LOUIE & HIRAOKA**
>900 Davies Pacific Center
>841 Bishop Street
>Honolulu, HI  96813
>>Attorney for Defendant
>>**AKAL SECURITY**

DATED:  Honolulu, Hawaiʻi  June 20, 2006

>>/s/ Mark S. Davis
>>_____
>>MARK S. DAVIS
>>MICHAEL K. LIVINGSTON
>>Attorney for Plaintiff