EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

R. MICHAEL BURKE 1902
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: Mike.Burke@usdoj.gov

Attorneys for Federal Defendant
NATIONAL PARK SERVICE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN GAST, Individually and as Special Administrator of the Estate of JACQUELINE GAST and as Guardian Ad Litem for his minor child, AMANDA RENEE GAST, and BROOKE ASHLEY GAST,<br><br>Plaintiffs,<br><br>vs.<br><br>SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY, and AKAL SECURITY, INC., a New Mexico corporation,<br><br>Defendants. | CIVIL NO. 04-00079 DAE-BMK<br><br>FEDERAL DEFENDANT NATIONAL PARK SERVICE'S PRETRIAL STATEMENT; CERTIFICATE OF SERVICE |
| SUNG KI KWAK, dba SHIN JIN HAWAII TRAVEL & TOUR, a Hawaii Sole Proprietorship; CYNTHIA HATHAWAY,<br><br>Defendants and Third-Party Plaintiffs, | DATE: July 7, 2006<br>TIME: 9:00 a.m.<br>JUDGE: Barry M. Kurren |

```
          vs.                         )
                                      )
NORWEGIAN CRUISE LINES, INC.          )
and NATIONAL PARK SERVICE,            )
                                      )
          Third-Party Defendants.     )
_____)
```

FEDERAL DEFENDANT NATIONAL PARK SERVICE'S PRETRIAL STATEMENT

        Comes now federal defendant, National Park Service, by and through its undersigned counsel, and hereby makes its Pretrial Statement pursuant to Rule 16.6, Local Rules of the United States District Court for the District of Hawaii.

        (a)   PARTY.

        This pretrial statement is submitted on behalf of federal defendant National Park Service.

        (b)   JURISDICTION AND VENUE.

        The federal defendant does not dispute jurisdiction or venue at this time, except as set out below and previously by motions, raising the discretionary function exception to tort liability under the FTCA.

        (c)   SUBSTANCE OF ACTION.

        The claims against the federal defendant, due to pretrial rulings, are now limited to a single theory.  This theory is based upon a factual dispute as to a supposed failure to properly post signs regarding the official closure of part of the park.  See [Docket No. 301 Order filed on November 30, 2005]. The federal defendant continues to assert that, as a matter of

law, this theory must fail under the discretionary function exception to tort liability under the FTCA. Defendant reiterates that 36 C.F.R. § 1.5(a)(1) and 1.7 do not concern or in any way address mandatory danger warnings but rather concern a narrow focus: public notice of a formal park closure. In other words, the mandatory language of the Code of Federal Regulations, and the question of fact as to whether closure signs were present in conspicuous locations, does not concern a requirement to warn the public of non-obvious hazards. Rather, the C.F.R. provisions at issue merely concern a public notice provision regarding a legal, or formal, National Park closure. Further, the federal defendant continues to maintain, again as a matter of Hawaii tort law, that the recent cooling lava flow presented no <u>latent</u> unreasonable risk and thus no duty arose under Hawaii's landowner tort law, whether or not the C.F.R. section applies.

      (d)   <u>UNDISPUTED FACTS</u>.

This lawsuit arises out of the death of a cruise ship passenger visiting Hawaii Volcanoes National Park as part of a van tour operated by defendants and third-party plaintiffs Sung Ki Kwak dba Shin Jin Hawaii Travel & Tour and Cynthia Hathaway (collectively referred to herein as "third-party plaintiffs"). The decedent, Jacqueline Gast, signed onto the tour van while her ship cruise, operated by third party defendant NCL (Bahama) Limited ("NCL"), was docked in Hilo, Hawaii, on October 14, 2002.

Along with the other members of her tour group, Shin Jin transported Mrs. Gast to an area of the park that featured a recent lava flow.  When she did not rendezvous with her tour group at the designated place and time, under a sailing deadline and unsure as to whether Mrs. Gast had made other arrangements to return to the ship, the group returned without her.  The following morning, Mrs. Gast's body was found in a remote location within the newly created lava fields, far from the two trails marked for visitors.

On February 3, 2004, Plaintiff John Gast, individually, as special administrator of Mrs. Gast's estate, and as guardian <u>ad litem</u> to daughters Brooke and Amanda, filed a federal civil complaint against third-party plaintiffs Shin Jin and Hathaway. The complaint asserted several theories of negligence arising out of supposed tort duties owed by third-party plaintiffs in their capacities as a tour company and tour driver.

Approximately five-and-a-half months later, on July 21, 2004, third-party plaintiffs Shin Jin/Hathaway filed their Third-Party Complaint, which is essentially a contribution action that incorporates the allegations set forth in plaintiffs' complaint, and contends that any actionable negligence would have been on the part of third-party defendants, and not third-party plaintiffs.  The contribution action has been asserted against NCL on the basis of diversity jurisdiction, and against the

federal defendant on the basis of the FTCA. Subsequent to the filing of the third-party complaint, plaintiffs subsequently amended their complaint over against NCL and the federal defendant. Plaintiffs have not alleged any specific theories of liability on the part of the federal defendant.

    (e)  DISPUTED FACTUAL ISSUES.

As to the federal defendant, a single factual dispute exists under the Court's ruling regarding the posting of closure notice signage.

    (f)  RELIEF PRAYED.

Dismissal with prejudice in favor of federal defendant.

    (g)  POINTS OF LAW.

    1.  The Code of Federal Regulations Sections 1.5 and 1.7 concern only notice to the public of official closures, not mandatory warnings of dangers latent or obvious. The discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. Section 2680 thus applies and prohibits on the cause of action in this case against the federal defendant.

    2.  To the extent that opposing parties are alleging that the NPS should have installed more or different closure notice signage in the flow area, such decisions by the NPS are immunized by the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a).

      2.    The Park exercised reasonable care. A brochure actually provided Mrs. Gast instructed all visitors to <u>remain on marked trails</u>. Mrs. Gast clearly ignored this instruction. The area was sufficiently posted and in any case the dangers of recently cooling lava were open and obvious, as the crusted surface was warm to the touch and molten lava could be observed flowing just beneath the surface. Mrs. Gast took photos of such molten lava before her death. <u>See</u> <u>Friedrich v. Dept. of Trans.</u>, 60 Haw. 32, 36; 586 P.2d 1037, 1040 (Haw. 1978). No legal duty is created solely by government regulations, but must independently exist under Hawaii landowner tort law. No such legal duty existed under Hawaii's landowner tort law. The federal defendant respectfully refers to Court to its various pleadings wherein the federal defendant set out a full discussion of both applicable points of law.

    (h)    <u>PREVIOUS MOTIONS</u>.

The federal defendant has filed a motion Joinder with Third Party Defendant NCL (Bahama) Limited's Motion to Exclude Kwak/Shin Jin Expert Richard Gill, filed September 30, 2005.

    (I)    <u>WITNESSES TO BE CALLED</u>.

    <u>Expert Witnesses</u>

      1.    Dr. George Druger, a pulmonary specialist, will testify as to whether, under the record, plaintiffs or third-party plaintiffs can establish a cause of death connected

with air quality at the lava flow site.

        2.   Dr. Michael Stone, a psychiatrist, will testify as to Mrs. Gast's contributory negligence in venturing alone into a wilderness area with intimate knowledge of her own very serious physical and mental health limitations.

        3.   Selma Uyeno Yamamoto, a pharmacist, will testify as to whether, under the record, plaintiffs or third-party plaintiffs can establish a specific cause of death sufficiently connected with Mrs. Gast's presence in the federal park.

        4.   Jon Heshka, a search and rescue specialist, will testify as to any remaining proximate causation issues.

        5.   Dr. Alvin I. Omori, pathologist at Hilo Medical Center, Department of Pathology, will testify as to whether, under the record, plaintiffs or third-party plaintiffs can establish a specific cause of death connected with Mrs. Gast's presence in the federal park.

### Witnesses

        1.   Brian Elms will testify as to liability issues, including finding Mrs. Gast's remains and closure signage.

        2.   Cynthia Hathaway, a tour guide with Kwak's Tours, whom plaintiff rode with to visit the Hawaii Volcanoes National Park, will testify as to liability issues, including

Mrs. Gast's statements, demeanor and actions.

   3. Sergeant Officer Stephen Miller, a Retired Hawaii County Police Department, will testify as to liability issues.

   4. Neil Akana, Park Ranger for Hawaii Volcanoes National Park, will testify as to liability issues, including closure signage.

   5. John Broward, a Park Ranger with Hawaii Volcanoes National Park, will testify as to liability issues, including closure signage.

   6. Paul DuCasse, retired Chief Ranger of Hawaii Volcanoes National Park, will testify as to liability issues, including closure signage.

   7. Kathy Hollingsworth, a Park Ranger with Hawaii Volcanoes National Park, will testify as to liability issues, including closure signage.

   8. Lauri Horner, a Park Ranger with Hawaii Volcanoes National Park, will testify as to liability issues, including closure signage.

   9. Jeff Kracht, a Park Ranger with Hawaii Volcanoes National Park, will testify as to liability issues, including closure signage.

   10. Mardie Lane, Park Spokesperson for Hawaii Volcanoes National Park, will testify as to liability issues,

including closure signage.

    11. Gail Minami, District Ranger for Hawaii Volcanoes National Park, will testify as to circumstances surrounding discovery of Mrs. Gast's remains and liability issues, including closure signage.

    12. Karen Treas, Park Ranger for Hawaii Volcanoes National Park, will testify as to liability issues, including closure signage.

    13. Jeffrey B. Judd, Retired Special Agent for Hawaii Volcanoes National Park, will testify as to liability issues, including closure signage.

    14. Taures Garcia, a Former Maintenance Worker for Hawaii Volcanoes National Park, will testify as to liability issues, including closure signage.

    15. James Martin, a Former Superintendent of Hawaii Volcanoes National Park, will testify as to liability issues, including closure signage.

    16. Nancy Reilly, a Park Ranger for Hawaii Volcanoes National Park, will testify as to liability issues, including closure signage.

    17. Randy Wentworth, a Former Employee with Hawaii Volcanoes National Park, will testify as to liability issues, including closure signage.

18. Merrill Frank, a Volunteer for Hawaii Volcanoes National Park, will testify as to liability issues, including closure signage.

19. Christine Heliker, a Geologist with the U.S. Geological Survey, will testify as to liability issues, including closure signage.

20. Ian Birnie, Harbor Master for the State of Hawaii, will testify as to liability issues, including not receiving timely notice of a person left behind at the Lava Flow area.

21. Robert K. Asing, State Security Officer for the State of Hawaii, will testify as to liability issues, including not receiving timely notice of a person left behind at the Flow area.

22. Larry Ammasi, a Commercial Tour Guide for Kai Tours, will testify as to liability issues, including Mrs. Gast's actions, statements, and demeanor at the Flow area.

23. Danny Devida, an employee with Shin Jin Tours, will testify as to liability issues, including company policies regarding safety of clients.

24. Amelia C. Manera, an employee with Quay Cruise Agency, will testify as to liability issues, including notice of a missing ship passenger.

25. George Makua, Hilo Police Department, will testify as to liability issues, including notice of a missing ship passenger.

Defendant reserves the right to supplement this list as additional information and/or records become available through further discovery, as well as call all witnesses listed by other parties.

(j)   EXHIBITS, SCHEDULES AND SUMMARIES.

The federal defendant anticipates offering various previously discovered photographs, posters and a brochure regarding tourist instructions, warnings and descriptions of the lava flow area. It will also offer diagrams depicting the lay-out of the lava flow area, including temporary structures.

(k)   FURTHER DISCOVERY OR MOTIONS.

Several oral depositions remain to be accomplished.

(l)   STIPULATIONS.

No stipulations are now planned. The federal defendant remains willing to entertain any proposed stipulations.

(m)   AMENDMENTS, DISMISSALS.

No amendments are now planned.

(n)   SETTLEMENT DISCUSSIONS.

As to the federal defendant, no settlement is likely.

(o)   AGREED STATEMENT.

No agreed statement is likely.

    (p)   BIFURCATION, SEPARATE TRIAL OF ISSUES.

No bifurcation or separate trial of issues appear necessary, although the Court should note the private parties will litigate before a jury.

    (q)   REFERENCE TO A MASTER OR MAGISTRATE JUDGE.

No reference to a Master or Magistrate Judge appears likely, although federal defendant United States of America does not oppose the same in principle.

    (r)   APPOINTMENT OR LIMITATION OF EXPERTS.

Not applicable, except pursuant to outstanding motions.

    (s)   ESTIMATE OF TRIAL TIME.

Ten trial days.

    (t)   CLAIMS OF PRIVILEGE OR WORK PRODUCT.

None are applicable at this time.

    (u)   MISCELLANEOUS.

No other matters must be discussed at this time.

DATED: June 22, 2006, at Honolulu, Hawaii.

                EDWARD H. KUBO, JR.
                United States Attorney
                District of Hawaii

                /s/ R. Michael Burke
                By _____
                   R. MICHAEL BURKE
                   Assistant U.S. Attorney

                Attorneys for Federal
                Defendant
                NATIONAL PARK SERVICE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

Mark S. Davis          mdavis@davislevin.com
Michael K. Livingston  mlivingston@davislevin.com
June 22, 2006


Dennis E.W. O'Connor, Jr.    Doj@roplaw.com
June 22, 2006


Neil T. Tseng     ntseng@cades.com
June 22, 2006


April Luria       aluria@rlhlaw.com
Jodie D. Roeca    jroeca@rlhlaw.com
June 22, 2006


Served by Facsimile:

Jeffrey S. Portnoy     June 22, 2006
Cades Schutte
1000 Bishop Street, 12th Floor
Honolulu, Hawaii 96813

Dennis E.W. O'Connor    June 22, 2006
Reinwald O'Connor & Playdon LLP
Pacific Guardian Center Makai Tower
733 Bishop Street, 24th Floor
Honolulu, Hawaii 96813


DATED: June 22, 2006, at Honolulu, Hawaii.

/s/ Myra Y. Peterson